OGDEN *v.* GEORGE F. ALGER COMPANY.

1. MASTER AND SERVANT—REGIONAL MANAGER FOR TRUCKING CONCERN—BREACH OF EMPLOYMENT CONTRACT—EVIDENCE.
Verdict for plaintiff in his action for breach of employment contract as regional manager of defendant trucking concern *held,* not against the great weight of the evidence, where evidence was conflicting on material issues in respect to defendant's breach of the contract and as to claimed previous breaches by plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 900.
[3, 5] 35 Am Jur, Master and Servant §§ 54, 55.
[4] 35 Am Jur, Master and Servant § 57.

2. EVIDENCE—ADMISSIONS—ABSENCE OF CONTROVERSY.

Testimony relative to offers by defendant corporation's secretary to pay plaintiff, regional manager, sizeable sums for the surrender of his 10-year contract of employment were admissible in evidence as .admission of defendant's liability thereunder, where offers were made at a time when no controversy had as yet arisen between the parties, since they were not made in an attempt at peaceable settlement of a controversy.

3. MASTER AND SERVANT—EMPLOYMENT CONTRACT—EVIDENCE—SALE OF .BUSINESS.

It was not prejudicial error for trial court to permit plaintiff, employed as a regional manager for defendant trucking concern, to testify that he had sold his business to defendant for $90,000, of which $25,000 was to be paid for permits and $65,000 under an employment contract for a 10-year period, especially where defendant's liability under the latter employment agreement was submitted to jury under testimony and instructions requiring jury to determine as to plaintiff's obligations under the contract and his performance thereof, with nothing to allow the jury to conclude plaintiff might recover without performance and after breach of his contract obligations.

4. SAME—MITIGATION OF DAMAGES—BURDEN OF PROOF.

The burden of proof as to a plaintiff employee's duty to mitigate damages sought to be recovered in an action for breach of an employment contract rests upon the defendant employer.

5. DAMAGES—BREACH OF EMPLOYMENT CONTRACT—EVIDENCE.

Verdict of $40,368.27 for plaintiff, regional manager of defendant trucking company, for breach of its employment contract, *held,* not excessive, where plaintiff claimed damages for (1) $368.27 in back wages, (2) $13,000 for 2 years at contract rate which had elapsed between discharge and date of trial, and (3) present worth of $45,500 which would become due during the next 7 years, figured to be $36,400, a total of $49,768.27, since jury disallowed $9,400 and defendant neither claimed nor proved anything in mitigation of damages.

Appeal from Berrien; Robinson (Thomas N.), J. Submitted April 11, 1958. (Docket No. 52, Calendar No. 47,323.) Decided July 15, 1958. Rehearing denied September 9, 1958.

Action by Everett Ogden against George F. Alger Company, a Michigan corporation, for damages on breach of employment contract. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Gore & Williams* (*Charles W. Gore*, of counsel), for plaintiff.

*Small, Zick & Shaffer* (*Matheson, Dixon & Brady* and *Glenn C. Gillespie*, of counsel), for defendant.

Dethmers, C. J.   On July 23, 1952, plaintiff, sole stockholder of Midway Transit Company, a trucking concern, agreed to sell its interstate commerce permits to defendant, a common carrier, and defendant paid plaintiff $25,000 and gave him a 10-year contract of employment as regional manager at a salary of $6,500 per annum, to commence upon approval of the sale and transfer of the permits by the interstate commerce commission and consummation of the sale, which occurred on July 7, 1953.   In the interim, defendant operated the Midway business under a lease and temporary permits, employing plaintiff in its business operation.   On July 6, 1954, after the contract of employment had been in effect for 1 year, defendant terminated it, discharged plaintiff and refused to pay him further.   There was then due him for back wages $368.27 and the unpaid balance of the contract, which would become due to him during its remaining 9-year period, totalled $58,500.   At time of trial, June 22, 1956, two of those 9 years had passed.   Plaintiff, therefore, claimed judgment for said sum of $368.27 in back wages, plus $13,000 for the 2 years between his discharge and date of trial, and the then present worth of the remaining $45,500 which would become due him during the next 7 years, which he figured to be $36,400, for a sum total of

$49,768.27.  The jury returned a verdict for plaintiff for $9,400 less, or $40,368.27.  Defendant appeals.

Defendant claimed the right to terminate the contract and to discharge plaintiff because of his alleged prior breach of the contract's terms.  Its contention is that under the contract it was plaintiff's duty to (1) solicit business for defendant, (2) effect timely deliveries of inbound freight for defendant, (3) make daily reports and remittances to defendant, (4) coordinate defendant's terminals and supervise their employees in his region, (5) take instructions from defendant's home office, and (6) exert his best efforts to continue, develop and maintain for defendant the business previously enjoyed by Midway; that plaintiff failed in the performance of each of these duties, thus breaching the contract, and that he engaged in business in competition with defendant, causing it to lose the business previously enjoyed by Midway and occasioning defendant great financial losses.  The only duty of plaintiff expressly stated in the contract was as follows:

"4. Ogden agrees to devote such time as may be necessary to properly perform the duties incident to such employment (as regional manager), and to exert his best efforts to continue, develop and maintain for Alger the business previously enjoyed by Midway Transit Company, Inc."

No other duties were alleged in defendant's answer and notice of affirmative defense.

Plaintiff denies material breaches of the obligations assumed by him under the contract, says that defendant never complained to him of such breaches before discharging him, that defendant, from the very outset, sent into his region other employees to perform and be in charge of activities for which it now claims plaintiff was responsible under the contract, that most, if not all, of defendant's mentioned

loss of business occurred while it operated under the temporary permits and before the term of plaintiff's contract of employment had commenced, and that such loss was the result of the business having been taken away by defendant's district sales manager when the latter was discharged by defendant; further, that defendant knew at the time of negotiations between them that plaintiff owned many pieces of trucking equipment which he was in the business of leasing to others for trucking operations, and that anything which he thereafter did in that respect having a competitive effect on defendant's business was contemplated by the parties when they contracted with each other.

Defendant says that plaintiff has not specifically denied all of defendant's claims with respect to plaintiff's duties under the contract and breaches thereof. While the testimony and proofs of the opposing parties may not have clashed head-on as to every detail of the parties' respective claims and contentions, we are satisfied from an examination of the pleadings, testimony and entire record that plaintiff did put in issue defendant's claims of plaintiff's breach of obligations assumed under the contract. There was such conflict of testimony on the material issues that defendant was not entitled to a directed verdict as claimed. The determination of those issues by the jury we do not consider to have been against the great weight of the evidence.

Defendant claims error in the court's reception of plaintiff's testimony that defendant's secretary on 2 occasions offered to pay plaintiff sizeable sums for the surrender of his contract of employment, citing cases which hold evidence of offers of compromise to be inadmissible as admissions of liability. (*Sanderson* v. *Barkman,* 272 Mich 179; *Olshove* v. *Pere Marquette R. Co.,* 263 Mich 579; *Crane* v. *Ross,* 168

Mich 623, and cases therein cited.)  Such holdings
are in furtherance of the policy of the law to favor
peaceable settlements of controversies.  In the in-
stant case, both parties say that at the time the offers
were alleged to have been made no controversy had
as yet arisen between them.  Receipt of the testi-
mony in question did not, therefor, run afoul of the
mentioned holdings inasmuch as it did not relate to
an offer of compromise settlement of a disputed lia-
bility nor an attempt to make peace in a controversy.
The offer, if made, did constitute an admission that
at the time it was made, prior to the controversy,
defendant owed a contract obligation to plaintiff.  As
such, it was admissible in a suit brought to enforce it.

Defendant assigns error on the court's failure to
strike plaintiff's testimony that the sale price of Mid-
way's business to defendant was $90,000, of which
$25,000 was to be paid for permits and $65,000 in a
working permit, or some permit of some kind to
spread it over a 10-year period.  Defendant fails to
show the respect in which it constituted prejudicial
error to allow the jury to know that both the $25,000
cash payment and the $65,000 employment contract
were part of the transaction resulting in a sale and
transfer of Midway's permits and business to de-
fendant and we discern no such error therein, par-
ticularly in view of the fact that the question of de-
fendant's liability to plaintiff on the employment con-
tract, on which alone the suit was brought, went to
the jury on testimony and under instructions which
required determination thereof to depend upon the
jury's findings with respect to plaintiff's obligations
under the contract and his performance thereof,
with nothing to allow the jury to conclude that plain-
tiff might recover without performance and after
breach of his contract obligations.

Defendant claims the verdict excessive. As indicated, it was for $9,400 less than the amount claimed by plaintiff as due on the contract after deduction for present worth of future damages. Defendant stresses in this connection plaintiff's duty to mitigate damages and defendant's right to credit for wages which plaintiff might reasonably be expected to earn in the future in other employment, complaining that this was disregarded by the jury. This claim in mitigation of damages was not pleaded by defendant nor did defendant support it by any offer of proofs. The burden of proof in this regard rested upon defendant. *Edgecomb* v. *Traverse City School District*, 341 Mich 106. Under the circumstances, we cannot hold the verdict excessive.

Affirmed, with costs to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.