STONE v FAWCETT

(ESTATE OF RENO v FAWCETT)

1. INSURANCE—INTEREST—COMPUTATION OF INTEREST—JUDGMENT—
   INSURANCE LIABILITY.

   Interest on a judgment to be paid by an insurer begins accruing
   as of the date the complaint is filed and continues until there is
   full satisfaction of the insurer's liability.

2. INSURANCE—INTEREST—COMPUTATION OF INTEREST—JUDGMENT—
   POLICY LIMIT.

   The basis to be used for computing prejudgment interest liability
   of an insurer under the terms of an insurance policy is the
   policy limit amount, rather than the entire judgment award;
   however, the insurer is further obligated for interest on the full
   amount of the judgment beginning the date of the judgment
   and until the insurer satisfies its liability under its policy.

Appeal from Genessee, Harry B. McAra, J. Sub-
mitted March 14, 1975, at Lansing. (Docket No.
21536.) Decided August 18, 1975.

Complaint by Agnes Stone, administratrix of the
estate of Ann L. Reno, deceased, against James C.
Fawcett for wrongful death and damages arising
out of an automobile accident. Judgment for plain-
tiff. Judgment against Detroit Automobile Inter-
Insurance Exchange, garnishee-defendant, for the
amount of the defendant's insurance coverage,
plus interest. Garnishee-defendant appeals. Af-
firmed with modifications.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 44 Am Jur 2d, Insurance § 1685 *et seq.*
   Liability insurer's liability for interest and costs on excess of
   judgment over policy limit. 76 ALR2d 983.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for plaintiff.

*Gault, Davison, Bowers & Hill,* for garnishee-defendant.

Before: DANHOF, P. J., and D. E. HOLBROOK, JR. and O'HARA,* JJ.

PER CURIAM. This appeal is taken from an October 15, 1973, judgment entered by the trial court, based upon a jury verdict awarding $30,500 in damages to the plaintiff. The garnishee defendant seeking review is the Detroit Automobile Inter-Insurance Exchange (hereinafter designated DAIIE), the insurer of the principal defendant and tortfeasor, James Charles Fawcett. The complaint in this action was filed on March 22, 1972.

DAIIE acknowledges its liability pursuant to contract for coverage of the litigated accident. Admittedly, the policy coverage amount is limited to $10,000. However, there is a dispute as to DAIIE's liability for interest. The rate of interest, 6% per year, established by MCLA 600.6013; MSA 27A.6013, is conceded by DAIIE to be the appropriate rate of interest and applicable to the entire judgment.

The only disputed issue in this case concerns the dates between which DAIIE is obligated for interest. As of November 8, 1973, DAIIE had paid to plaintiff the sum of $10,998.14 representing: (a) its insurance policy liability of $10,000; (b) $637.72 in interest from the date of the filing of the complaint; and (c) $360.42 in taxed costs.

The operative insurance agreement provides:

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

INSURING AGREEMENT II

"Defense, Settlement, Supplementary Payments

"With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall: * * * (2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and *all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon; * * * ."* (Emphasis supplied.)

DAIIE maintains this provision only obligates it to assume the interest on the entire award from the date of entry of the judgment until it satisfies its portion of the liability under the policy. Plaintiff contends that since the interest accruing after judgment is calculated from the date of filing of the complaint according to statute, MCLA 600.6013; MSA 27A.6013, DAIIE is liable from that date, particularly since no interest is assessed or due until the judgment is rendered.

In *Cates v Moyses,* 57 Mich App 405; 226 NW2d 106 (1975), the Court considered in depth, the identical issue, among other related issues which were conceded in the matter herein. In fact, DAIIE was the same party advancing the arguments in *Cates v Moyses, supra.* After an extensive analysis and thorough review of a similar insurance policy clause, the statute concerning interest on judgments and the relevant policy considerations, the Court rejected DAIIE's interpretation.

The Court held that interest begins accruing as of the date the complaint is filed and continues until there is full satisfaction of the insurer's liability. Recently, the Supreme Court modified the decision of the Court of Appeals in *Cates v Moyses,* 394 Mich 762 (1975), altering the basis to be used

for computing prejudgment interest from the entire judgment to the policy limit amount but affirming the remainder of the decision, including the determination of when interest begins to accrue. Hence, this Court is bound to hold the garnishee defendant liable for interest from the date of the filing of the complaint.

Unlike *Cates v Moyses, supra,* garnishee defendant conceded, in its brief, liability for interest on the entire $30,500 award. However, since the Supreme Court held that DAIIE's policy provision does not create liability on the full award prior to judgment, it would be unjust not to apply such a standard in the same situation. Therefore, DAIIE is obligated for interest on the amount of its policy limit ($10,000) beginning March 22, 1972, the date of the filing of the complaint, until October 15, 1973, the date of judgment; and is further obligated for interest on the amount of the judgment ($30,500) beginning October 15, 1973, the date of judgment, until DAIIE fully satisfies its liability under its policy. DAIIE to be given credit for all amounts heretofore paid.

Affirmed with modification.