BUXTON v ALEXANDER

1. PARTIES—DRAMSHOP ACT—SETTLEMENTS—INDEMNITY STATUTES.

The intent of the name and retain amendment to the dramshop statutes is to retain the tortfeasor as a defendant and thereby prohibit the plaintiff from going to the jury with only a claim against the tavern; since the amendment requires only that the plaintiff name and retain the tortfeasor in the lawsuit, the plaintiff is not precluded from a further claim against the tavern owner, when a settlement and indemnity agreement expressly retaining the tortfeasor as a defendant is reached between the injured plaintiff and the defendant tortfeasor (MCLA 436.22; MSA 18.993).

2. APPEAL AND ERROR—PRESERVING ISSUES—CONSTITUTIONAL ISSUES.

It is too late to raise a constitutional issue for the first time on appeal where the issue has not been preserved by first raising it in the trial court.

Appeal from Antrim, Charles M. Forster, J. Submitted May 6, 1976, at Lansing. (Docket No. 25942.) Decided June 15, 1976. Leave to appeal applied for.

Complaint by Roger and Karen Buxton against Loretta and James Alexander, and others, for damages resulting from the negligent operation of a motor vehicle and for violation of the dramshop act. Accelerated judgment for defendants who are tavern owners. Plaintiffs appeal. Reversed and remanded.

*Rensberry & Foster, P. C.* (by *Richard G. Bensinger),* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors § 608 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 545.

*Dreyer & Braeuninger,* for defendants Lee and Lois Coy, Club 131, and the Wolverine Insurance Co.

*Zerafa, Zerafa & Christian, P. C.,* for defendants Herman Hopp and Green Lantern Bar.

Before: QUINN, P. J., and D. E. HOLBROOK and Beasley, JJ.

BEASLEY, J. The issue here is whether, when an intoxicated defendant executed a settlement and indemnity agreement with the injured plaintiffs, the 1972 "name and retain" amendment to the dramshop statute precludes further claim against a tavern owner.

The facts are that on July 12, 1972, while a pedestrian in a parking lot in Mancelona, plaintiff, Roger Buxton, was struck by a car operated by defendant Loretta Alexander, and owned by her and her husband, defendant James Alexander.

On November 7, 1973, plaintiff and his wife started suit, claiming defendant, Loretta Alexander, drove negligently causing injury and damage to plaintiffs and, in a separate count, claiming defendant taverns sold and furnished intoxicating liquors to defendant, Loretta Alexander, while she was visibly intoxicated, which sales were the proximate cause of damage to plaintiffs.

Four days prior to trial, plaintiffs entered into an "Indemnification Agreement" with defendants, Loretta and James Alexander, and said Auto Owners Insurance Company, the insurer of the vehicle. This agreement provided, in pertinent part, as follows:

"It is expressly understood by the parties, and the undersigned, that by virtue of Michigan's dram shop act

the said Loretta and James Alexander may continue to be named and retained in the above captioned law suit; however, for the above mentioned consideration the undersigned do agree to hold Loretta Alexander and James Alexander and Auto-Owners Insurance Company harmless and to indemnify said persons or corporations for any monies that might be adjudged against them to the plaintiffs herein by and *[sic]* impaneled jury or court of law in excess of the aforementioned Nineteen Thousand and no/100 ($19,000.00) Dollars consideration."

The defendant tavern owners thereupon filed a motion for accelerated judgment on the grounds that the "Indemnification Agreement" constituted a settlement with the alleged intoxicated driver and that, as a result, plaintiffs' action must be dismissed for failure to comply with the "name and retain" provision of the dramshop act, MCLA 436.22; MSA 18.993 as amended:

"No action against a retailer or wholesaler or anyone covered by this act or his surety, shall be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

From the trial court's order granting defendants' motion for accelerated judgment, plaintiffs appeal as a matter of right.

In this case plaintiffs-appellants attack the constitutionality of the so-called "name and retain" amendment of 1972 to the dramshop act, claiming it violates the equal protection clause of both the Michigan and the United States Constitutions. But, no claim was made in the trial court that the "name and retain" amendment was unconstitutional. Where the constitutional issue is not pre-

served in the trial court by raising that question, it is too late to raise it for the first time on appeal. Furthermore, in *Salas v Clements,* 57 Mich App 367; 226 NW2d 101 (1975), this Court upheld the constitutionality of the "name and retain" statute. Plaintiffs' claim that the statute is unconstitutional is therefore denied.

But in addition, plaintiffs say they complied with the statute by naming defendants Alexanders when they commenced suit and that their hold harmless agreement expressly retains defendants Alexanders in the litigation.

Regarding the first portion of the statute which requires making the alleged intoxicated person a named defendant as a condition precedent to commencing action against the liquor licensee, there cannot be any question but that plaintiffs have complied. The fact is, plaintiffs have named Loretta Alexander and James Alexander, her husband, as named defendants. Similarly, there does not appear to be any question but that plaintiffs have "retained in the action" defendant Loretta Alexander as a named defendant. The usual meaning of the word retained is to keep, and that is exactly what plaintiffs have done here, that is, to keep defendant, Loretta Alexander, in the lawsuit.

But, defendants argue that the purpose of the amendment to the statute was to require the intoxicated defendant to remain an active party in the litigation and to have a continuing monetary interest in the outcome of the litigation. The rationale for the amendment was expressed in *Salas v Clements, supra,* p 372:

"The 'name and retain' provision will, to some extent, reduce tavern-owner liability by restricting recourse to the dramshop act. The provision will eliminate the common practice whereby the intoxicated person enters into a settlement with the injured plaintiff for a token

sum, and thereafter energetically assists the plaintiff with the prosecution of a suit against the tavern owner. The provision will also discourage possible collusion and perjury by those too weak to resist the obvious temptation inherent in the original dramshop act which has now been recognized by the Legislature and corrected through this amendment."

Balanced against this purpose is the policy of the law to encourage settlement of litigation. The statute is not intended to *prohibit* settlement between a plaintiff and his intoxicated tortfeasor except where claims against tavern owners are first · or simultaneously settled. On the contrary, the language of the statute indicates only an intention to require the intoxicated tortfeasor to be retained as a defendant. In enacting this "special interest legislation" the Legislature has manifested an intention to prohibit a plaintiff from going to a jury with only a claim versus a tavern. The plaintiff must not only name but must retain the tortfeasor in the lawsuit. But that is all the statute requires. To prohibit a plaintiff from a "hold harmless" type settlement, as was used here, would impede the prompt disposition of litigation and force trials of cases that would otherwise be settled. In so holding, this Court recognizes the power of the trial court to control the course of trial; for example, a trial court might, at the option of a tavern owner, prohibit any reference at trial to the settlement. Thus, the legislative purpose could be amply carried out.

In this case the effect of the trial court's ruling was to prohibit settlement between plaintiffs and the allegedly intoxicated defendant, except after or simultaneously with settlement between plaintiffs and the tavern owners. As indicated, this goes beyond the purpose and language of the statute.

Reversed and remanded with costs to plaintiffs.