DENHAM v BEDFORD

(GILLISPIE v BEDFORD)

OPINION OF THE COURT

1. COSTS—PREJUDGMENT INTEREST—INSURANCE.

Prejudgment interest on a money judgment is not deemed a cost or expense of a lawsuit; therefore, an insurer is not liable for such interest as a cost or expense of a lawsuit under a provision of an insurance contract providing that the insurer shall pay all costs lawfully taxed against the insured in any such suit and all expenses pertaining thereto incurred by the insurer.

2. JUDGMENT—INTEREST—PREJUDGMENT INTEREST—INSURANCE—CONTRACTS—STATUTES.

Prejudgment interest from the date of the complaint is required by statute to be paid on a judgment; such statute becomes part of an insurance contract which provides that the insurer shall pay all interest which shall accrue after the entry of judgment and until the insurer has paid its portion of the judgment, thus amending the clause as written and mandating that the interest be calculated from the date of filing the complaint (MCLA 600.6013; MSA 27A.6013).

3. INSURANCE—INSURER'S LIABILITY—PREJUDGMENT INTEREST—STATUTES.

An insurer may be held liable for the amount of its policy limits plus prejudgment interest on that amount where a money judgment equal to or exceeding the policy limits is awarded against its insured; the insurer is not injured thereby since the amount in excess of the policy limits represents the interest the insurer receives from investing the money representing plaintiff's damages during the lawsuit; since the purpose of the statute providing prejudgment interest is to compensate the

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 44 Am Jur 2d, Insurance § 1685 *et seq.*

Liability insurer's liability for interest and costs on excess of judgment over policy limit. 76 ALR2d 983.

prevailing party for the delay in the payment of money damages it would be unfair and illogical to require that such prejudgment interest come from the insured who never had the use of the money representing the plaintiff's damages (MCLA 600.6013; MSA 27A.6013).

Dissent by R. B. Martin, J.

4. Insurance—Insured—Insurer—Policy Limits—Interest.

*An insurer may be held liable only to the extent of its policy limits where a money judgment equal to or exceeding its policy limits is awarded against its insured; the insurer is not liable for the payment of interest above the policy limits.*

5. Insurance—Insurer—Insured—Prejudgment Interest—Contracts—Statutes.

*The statute which requires the payment of prejudgment interest by a defendant in a lawsuit does not amend a contract of insurance that does not provide for the payment, of prejudgment interest by the insurer (MCLA 600.6013; MSA 27A.6013).*

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted January 5, 1978, at Lansing. (Docket Nos. 77-2596, 77-2597.) Decided March 20, 1978. Leave to appeal applied for.

Complaint by Edna Denham, and others, against Thomas Bedford, Jr., and R. C. S., Incorporated for damages for injuries sustained in an automobile accident. Complaint by Allen B. Gillispie against the same defendants and against Edna Denham and the State of Michigan. A judgment was entered dismissing the State of Michigan. The cases were consolidated for trial. Judgment of no cause of action against R. C. S., Incorporated and for plaintiffs against defendant Bedford only. Transamerica Insurance Group, Bedford's insurer, was added as a party defendant and filed a motion for a determination of its liability for prejudgment interest on the insured portion of the judgment. The trial court ordered that Transamerica was not

liable for prejudgment interest. Plaintiffs appeal. Reversed and remanded.

*Calder & Kirkendall, P. C.* (by *Robert E. Logeman*), for plaintiffs.

*Moore, Sills, Poling, Wooster, Sinn & Taylor, P. C.,* for Transamerica Insurance Group.

Before: V. J. BRENNAN, P. J., and D. E. HOL-BROOK and R. B. MARTIN,* JJ.

D. E. HOLBROOK, J. Plaintiffs appeal a March 14, 1977, order issued by the Washtenaw County Circuit Court, which denied them the right to recover prejudgment interest from Transamerica Insurance Group.

On March 30, 1973, a vehicle, containing six of the plaintiffs and driven by plaintiff Edna Denham, was involved in an accident with defendant Thomas Bedford. Plaintiffs were traveling in a southeasterly direction on Washtenaw Avenue when a vehicle driven by Bedford veered across the centerline and struck the vehicle in which plaintiffs were riding. Bedford had been drinking at a bar operated by R. C. S., Incorporated, known as "Bimbo's On The Hill" prior to the accident.

A negligence action was instituted against Bedford and a dramshop complaint was brought against the bar. After a two-week trial, a jury verdict of no cause of action was entered in favor of the defendant bar and a verdict for plaintiffs was entered against Bedford for $108,025, plus $15,403.18 in prejudgment interest.

Bedford's insurance policy provided $40,000 maximum coverage for multiple claims arising out

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of one accident. The policy was issued by a subsidiary of Transamerica Insurance Group.

After the verdict, Transamerica paid plaintiffs $40,000 which represented the policy limits. Transamerica was added as a defendant and filed a motion requesting that the court determine whether it was required to pay prejudgment interest on its portion of the judgment $40,000. The prejudgment interest on the $40,000 portion of the judgment was $5,695.47. Transamerica claimed that it was not responsible for the $5,695.47 because payment of the prejudgment interest would exceed the policy limits of $40,000 already paid by Transamerica. The trial court agreed. Plaintiffs appeal as of right seeking a reversal of the trial court and a holding that Transamerica is responsible for prejudgment interest on the portion of the judgment which represented the policy limits.

The issue raised on appeal is whether the defendant's insurer, Transamerica Insurance Group, is responsible for prejudgment interest on the portion of the judgment which represents the policy limits of the insurer.

In order to have an understanding of this issue a review of the applicable sections of defendant's insurance policy is necessary. The policy provides in part as follows:

"I.    COVERAGE A. BODILY INJURY LIABILITY

"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily or personal injury, sickness or disease, including death at any time resulting therefrom, and including damages for care and loss of services, sustained by any person or persons, and arising out of the ownership, maintenance, or use of the insured automobile, including the loading and unloading thereof.

\* \* \*

"II. DEFENSE, SETTLEMENT, *SUPPLEMENTARY PAYMENTS*

"1. As respects such insurance as is afforded by the other terms of this Policy under Coverages A and B, the Company shall:

"A. Defend in his name and behalf any suit against the Insured arising from any alleged claim for bodily injury or property damage, whether such suit is groundless, false, fraudulent, or otherwise, but the Company shall have the right to conduct investigations as to any such claim, negotiate for adjustment or settlement thereof, and to enter upon and conduct the defense of the Insured against the same as it may deem expedient without waiving any of the provisions of this Policy or subjecting the Company to any liability beyond the limits provided in this Policy, and

"B. (a) Pay all costs lawfully taxed against the Insured in any such suit and all expenses pertaining thereto incurred by the Company; and

"(b) *Pay all interest which shall accrue after the entry of judgment and until the Company has paid, tendered, or deposited in Court such portion of any judgment not exceeding the limit of the liability of the Company;* and

"(c) Reimburse the Insured for any expense, including loss of wages or salary not to exceed $25. per day, but not for loss of other income, incurred at the request of the Company." (Emphasis supplied.)

First, plaintiffs maintain that prejudgment interest as provided by MCLA 600.6013; MSA 27A.6013 may be recovered as a cost or expense of the lawsuit. This argument is based on defendant's insurance contract which provides as follows: "B. (a) Pay all costs lawfully taxed against the Insured in any such suit and all expenses pertaining thereto incurred by the Company". Thus, plaintiffs reason that Transamerica is responsible for prejudgment interest under the provision in the in-

surance policy which provides for costs and expenses. We do not agree. We are in accord with that portion of *Dittus v Geyman,* 68 Mich App 433; 242 NW2d 800 (1976), *lv den,* 397 Mich 837 (1976), wherein the Court disallowed prejudgment interest based on it being a cost or expense of the lawsuit.

Next, plaintiffs assert that even though an insurance company can limit its risks, public policy dictates that the prejudgment interest statute[1] should be incorporated into this insurance policy. In their brief, defendants quote a portion of the policy which provides:

"(b) Pay all interest which shall accrue *after the entry of judgment* and *until the Company has paid,* tendered, or deposited in Court such portion of any judgment not exceeding the limit of the liability of the Company." (Emphasis supplied.)

Defendants maintain that this provision subjects the insurance company to pay only "post-judgment" interest, thus it is not liable for prejudgment interest. We do not agree.

In *Cosby v Pool,* 36 Mich App 571, 578–579; 194 NW2d 142 (1971), *lv den* 386 Mich 782, 783 (1972),[2] this Court was construing an insurance contract which was made prior to the prejudgment insurance statute[3] and complied with the statute then in effect which allowed only post-judgment interest. The Court in *Cosby* stated at 575, 578:

"On appeal, the sole issue to be determined is whether the enactment of an amendment to MCLA

---

[1] MCLA 600.6013; MSA 27A.6013.

[2] The jury had awarded plaintiffs $200,000 against defendant who had an insurance policy with a $100,000 limit. Also, plaintiffs were granted $34,333 prejudgment interest as provided by MCLA 600.6013; MSA 27A.6013.

[3] MCLA 600.6013; MSA 27A.6013.

600.6013 * * * [MSA 27A.6013], which provides interest to be calculated from 'the date of filing the complaint' becomes a part of an insurance contract which was signed prior to the amendment. If so, it effectively amends the contract clause which provides that the insurer will pay 'interest accruing on verdict or after judgment up to the date of payment'.

\* \* \*

"Therefore, *the amendment has the effect of becoming a part of the contract and replaces the clause as written. Therefore, the interest must be calculated from the date of filing the complaint. This, however, is applicable only to that interest which accrues upon the defendant insurance company's portion of the verdict.*" (Emphasis supplied.)

In accord with *Cosby,* this Court holds that MCLA 600.6013; MSA 27A.6013 has the effect of becoming a part of the instant contract, thus replacing the clause as written and mandating that the interest be calculated from the date of filing the complaint.

As to whether or not prejudgment interest would be allowed in excess of the policy limits, the Court in *Cosby* stated as follows at 578–579:

"It follows that the insurer should be liable only for the interest that accrues on the amount of risk it has assumed. Otherwise, it would be paying interest on a risk it did not assume and for which it did not charge premiums. In this case, the judgment was for $200,000, while the insurer's liability was limited to $100,000.

"Therefore, the case is remanded and the plaintiffs are granted the total interest of $34,333. However, the defendant insurer is liable only for the interest on its share of the judgment which is in the amount of $17,167."

The Court upheld the granting of prejudgment interest in excess of the $100,000 policy limit.

Also, in *Stone v Fawcett,* 63 Mich App 487, 489; 234 NW2d 577 (1975), an insurance policy provision similar to the provision in the instant case[4] was construed by our Court as follows at pp 489–490:

"Recently, the Supreme Court modified the decision of the Court of Appeals in *Cates v Moyses,* 394 Mich 762 [228 NW2d 380] (1975), altering the basis to be used for computing prejudgment interest from the entire judgment to the policy limit amount but affirming the remainder of the decision, including the determination of when interest begins to accrue. Hence, this Court is bound to hold the garnishee defendant liable for interest from the date of the filing of the complaint.

"Unlike *Cates v Moyses, supra,* garnishee defendant conceded, in its brief, liability for interest on the entire $30,500 award. However, since the Supreme Court held that DAIIE's policy provision does not create liability on the full award prior to judgment, it would be unjust not to apply such a standard in the same situation. Therefore, DAIIE is obligated for interest on the amount of its policy limit ($10,000) beginning March 22, 1972, the date of the filing of the complaint, until October 15, 1973, the date of judgment."

We feel it is important to deal at some length with the reasons why the statute and public policy require prejudgment interest and why the allowance of prejudgment interest in excess of the policy limits is proper.

We have ruled that MCLA 600.6013; MSA

---

[4] The policy language in *Stone* at 489 was:

"[A]ll interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon." (Emphasis deleted.)

The language of the policy in this case is:

"II B.(b) Pay all interest which shall accrue after the entry of judgment and until the Company has paid, tendered, or deposited in Court such portion of any judgment not exceeding the limit of the liability of the Company."

27A.6013 required the payment of prejudgment interest. We have done so on the authority of *Cosby, supra.* As in *Cosby,* the defendant in the instant case asserts that a literal reading of the insurance contract limits payment of interest from the date of judgment. The Court in *Cosby* did not adopt this reasoning and neither do we. In fact, when the insurance contract in *Cosby* was signed, the law only required post-judgment interest. The Court amended the insurance contract to conform to the new statute.

In the instant case, the prejudgment interest statute was in effect on the date of the contract, and we are constrained to rule in accord with *Cosby* that the contract be amended to conform with the statute.

The statute, MCLA 600.6013; MSA 27A.6013, reads as follows:

"Interest *shall* be allowed on any money judgment recovered in a civil action, *such interest to be calculated from the date of filing the complaint* at the rate of 6% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed. In no case shall the rate exceed 7% per year after the date judgment is entered. In the discretion of the judge, if a bona fide written offer of settlement in a civil action based on tort is made by the party against whom the judgment is subsequently rendered and the offer of settlement is substantially identical or substantially more favorable to the prevailing party than the judgment, then no interest shall be allowed beyond the date the written offer of settlement is made." (Emphasis supplied.)

The purpose of this statute is to compensate the prevailing party for the *delay* in the payment of

money damages. *Waldrop v Rodery,* 34 Mich App 1, 4; 190 NW2d 691 (1971). We agree with plaintiffs that it is illogical and unfair to require that the prejudgment interest come from the insured who never had the use of the money representing plaintiffs' damages. In the instant case, Transamerica Insurance Group had full use of the $40,000 during the lawsuit and should be responsible for the prejudgment interest. The statute and public policy dictates this result, otherwise, Transamerica would receive a windfall of $5,695.47 which represents prejudgment interest on the $40,000.

The insurance company is not injured by our holding. The complaint for damages was filed in April of 1974 and had it been paid immediately, the insurance company would have paid only $40,-000. However, defendant did not pay until after entry of judgment on September 9, 1976, and then paid only the damages in the amount of $40,000 without interest. It must be noted, however, that the insurance company had the use of the $40,000 for a two-year five-month period. This money, controlled by the insurance company, is not left standing idle, but is invested. If the insurance company invests the money at 6 percent, then it loses nothing when it pays prejudgment interest at 6 percent. This is because the insurance company is only paying that which it received by holding the money. According to Best's, *Aggregates and Averages, Property-Casualty* (A. M. Best Company, 1976), pp 52–53, the average rate of return in 1975 on investment assets for a casualty insurer was 11.1 percent. Thus, by holding the $40,000 for that one-year period, the insurance company would realize interest earnings of 5.1 percent in addition to the statutory prejudgment interest of 6 percent. This high rate of return on investment assets was

also found in 1976 when the average rate of return was 9.6 percent.[5]

For us to hold otherwise, an insurer would have no motivation to settle a meritorious claim. By refusing to settle, the insurer not only has a chance to wear a plaintiff down, thereby possibly settling a meritorious claim for less than its actual value, but it also knows that even if plaintiff is successful in litigation, it [the insurance company] will still be able to retain all the income made from the use of a plaintiff's money. Such a policy is contrary to the sound administration of the judicial system and repugnant to the public policy behind the insurance laws of this state.

We are cognizant of the fact that plaintiffs do not file a complaint immediately after an accident. There are talks of settlement, investigations as to the facts, and other time-consuming procedures, all of which usually take place before a lawsuit is commenced. The Legislature, in its wisdom, has declared the public policy of this state to be that prejudgment interest shall be paid from the date of the filing of a complaint. The Legislature could have provided for prejudgment interest from the date of the injury. This they did not do. Thus, we are constrained to enforce the Legislature's intent in this opinion and grant prejudgment interest.

Defendant insurance company states in its brief that it offered to settle the claim for the total amount of the policy limits. There is no documentation, however, *as to if and when this took place* and what the terms of the offer were, nor was the money placed in the court's hands. The offer may have been rejected by plaintiffs because of the name and retain requirement of the dramshop act,

---

[5] Best's, *Aggregates and Averages, Property-Casualty* (A. M. Best Company, 1977), pp 58–59.

MCLA 436.22; MSA 18.993. [The dramshop act was later construed so as not to prevent settlements with the individual defendant, but merely meant that the individual defendant must be named and retained in the lawsuit]. *Buxton v Alexander,* 69 Mich App 507; 245 NW2d 111 (1976), *lv den* 399 Mich 827 (1977).

This case is remanded to the trial court for entry of judgment allowing prejudgment interest.[6]

Reversed, costs to plaintiffs.

V. J. Brennan, P. J., concurred.

R. B. Martin, J. *(dissenting).* I respectfully dissent.

The majority opinion arrives at an equitable conclusion but not one which coincides with the legal rights of the parties under contract law.

I agree that prejudgment interest cannot be recovered as part of the costs or expenses of the lawsuit.

At oral argument it was agreed that the defendant offered the maximum of its policy to plaintiff before suit was started. This may go to the equities but is really immaterial as far as the contract between the parties is concerned. The contract limited liability for damages to a total of $40,000.

The policy further provided the defendant had to "[p]ay all interest which shall accrue after the entry of judgment and until the Company has paid, tendered, or deposited in Court such portion of any judgment not exceeding the limit of the liability of the Company".

*Cosby v Pool,* 36 Mich App 571; 194 NW2d 142

---

[6] We note that the trial judge desired to dispose of this case in the same manner as our opinion requires. But the trial court was reluctant to do the same because of the ruling in *Dittus v Geyman,* 68 Mich App 433; 242 NW2d 800 (1976), *lv den,* 397 Mich 837 (1976).

(1971), and *Stone v Fawcett,* 63 Mich App 487; 234
NW2d 577 (1975), do not control as in each of
those cases the company admitted or stipulated to
liability for some prejudgment interest. In our case
the company stands foursquare on the words of
the policy. I agree with the majority in *Dittus v
Geyman,* 68 Mich App 433; 242 NW2d 800 (1976),
*lv den,* 397 Mich 837 (1976), that neither the
contract nor public policy necessitates payments of
interest above the damage limits. If public policy is
to require payment of interest over the contract
maximum for damages, the Legislature, by statute,
should definitely require it. MCLA 600.6013, MSA
27A.6013 requires payment of interest by the de-
fendant in a lawsuit, but does not amend a con-
tract of insurance not already providing for pre-
judgment interest.