PUTNEY v HASKINS

Docket No. 63769. Argued October 8, 1980 (Calendar No. 7).—Decided
    September 28, 1982. Rehearing denied *post,* 1111.

Loretta J. Putney, for herself and as administratrix of the estate
    of Stanley M. Putney, deceased, and Steven B. Putney, Curtis
    G. Putney, and Curtis G. Putney, Jr., brought an action in the
    Saginaw Circuit Court under the dramshop act against Paul S.
    Gibson, the driver of an automobile which struck and killed
    Stanley M. Putney; Judith M. Gibson, the owner of the automo-
    bile; Charles J. Good, owner of the Hoover Corner Bar; and
    Allen H. Haskins and Sharol A. Haskins, owners of the Melody
    Bar, alleging that Paul S. Gibson was intoxicated at the time of
    the accident and that the bar owners had sold or furnished
    alcoholic beverages to him while he was visibly intoxicated. On
    the morning of the first day of trial, the plaintiffs settled with
    Good. On the second day of trial, plaintiffs' counsel informed
    the court that the plaintiffs had settled with the Gibsons. The
    Gibsons were not formally dismissed as defendants, however,
    and the trial court instructed the Gibsons' attorney to "do what
    you consider appropriate without attempting to hurt or help
    either side". Prior to instructing the jury, the trial court, at the
    request of the Gibsons and over the objection of the Haskins,
    ruled that the jury should be informed that the Gibsons were
    no longer parties to the suit. The Haskins moved to dismiss the
    action against them. The motion was denied, and the jury was
    informed that the suit against the Gibsons had been dismissed.
    The jury returned a verdict in favor of the plaintiffs, and the
    Saginaw Circuit Court, Eugene Snow Huff, Jr., entered judg-
    ment against the Haskins. The Court of Appeals, Allen, P.J.,
    and T. M. Burns and D. E. Holbrook, JJ., affirmed in an opinion
    per curiam (Docket No. 78-2681). The Haskins appeal.

In a unanimous opinion by Justice Ryan, the Supreme Court
    *held:*

An allegedly intoxicated person named as a defendant in a

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 15A Am Jur 2d, Compromise and Settlement §§ 20, 24.
    45 Am Jur 2d, Intoxicating Liquors § 590.
    59 Am Jur 2d, Parties § 15.
    Settlement with or release of person directly liable for injury or
        death as releasing liability under civil damage act. 78 ALR2d 998.

dramshop action against a tavern owner is not retained in the action within the meaning of the "name and retain" provision of the dramshop act where a settlement of any kind is reached between the plaintiff and that defendant before the litigation is concluded by trial or settlement. At the time a settlement is made between the plaintiff and the intoxicated person, the action against the tavern owner must be dismissed. In this case, the fact that the allegedly intoxicated defendant continued as a nominal party and was not formally dismissed from the suit until the close of proofs is insufficient to satisfy the requirements of the act.

1. The dramshop act provides that no action may be commenced under the act unless the alleged intoxicated person is named as a defendant in the action and is retained in the action until the litigation is concluded by trial or settlement. The retention of the allegedly intoxicated defendant as a nominal party until the close of proofs did not satisfy this requirement so as to permit the action against the tavern owner. The provision was intended to eliminate collusion between an injured plaintiff and the intoxicated person against a tavern owner. One of the ways it does this is by insuring that the intoxicated person will have a direct financial stake in personally testifying, examining witnesses, and arguing that he did not act in a negligent manner. The Legislature did not leave the decision to retain the intoxicated person to the discretion of the trial court.

2. Dramshop plaintiffs are always free to settle with an allegedly intoxicated tortfeasor prior to settlement with a tavern owner, but the action against the tavern owner must be dismissed at the time such a settlement is made. In this case, this construction of the act does not produce an unreasonable and unjust result because the decision whether to retain the allegedly intoxicated defendant or to settle was entirely within the plaintiffs' control.

Reversed.

94 Mich App 466; 289 NW2d 837 (1979) reversed.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — NAME AND RETAIN.

An allegedly intoxicated person who is named as a defendant in a dramshop action against a tavern owner is not retained in the action within the meaning of the dramshop act where a settlement of any kind is reached between the plaintiff and the intoxicated person before the litigation is concluded by trial or settlement; at the time a settlement is made between the

plaintiff and the intoxicated person, the action against the tavern owner must be dismissed (MCL 436.22; MSA 18.993).

2. INTOXICATING LIQUORS — DRAMSHOP ACT — NAME AND RETAIN.

The dramshop act requires that an action against any party covered by the act for damages resulting from the actions of an allegedly intoxicated person may not be commenced unless the intoxicated person is named as a defendant and is retained as an interested party until the litigation is concluded by trial or settlement; the act does not give a trial court discretion to retain or dismiss the allegedly intoxicated defendant upon a settlement by him with the plaintiff (MCL 436.22; MSA 18.993).

3. INTOXICATING LIQUORS — DRAMSHOP ACT — SATISFACTION OF CLAIMS.

A plaintiff in a dramshop action is free to settle with an allegedly intoxicated tortfeasor prior to settlement with a tavern owner; however, at the time such a settlement is made, the action against the tavern owner must be dismissed (MCL 436.22; MSA 18.993).

4. INTOXICATING LIQUORS — DRAMSHOP ACT — NAME AND RETAIN — DISMISSAL.

The provision of the dramshop act which requires that, in an action against a party covered by the act, an allegedly intoxicated person whose actions resulted in the plaintiff's injuries be named and retained as an interested party until the litigation is concluded by trial or settlement, does not produce an unreasonable and unjust result where the plaintiff voluntarily reaches a settlement with and dismisses the intoxicated person prior to conclusion of the action against a tavern owner even though the dismissal of the remaining defendant results (MCL 436.22; MSA 18.993).

*Cicinelli, Mossner, Majoros & Alexander, P.C.* (by *Eugene D. Mossner* and *William S. Pearson)*, for plaintiffs.

*Smith & Brooker, P.C.* (by *A. T. Lippert, Jr.,* and *Thomas A. Connolly)*, for defendants.

RYAN, J. The dispositive issue in this action under the "dramshop act"[1] is whether the plain-

---

[1] MCL 436.22; MSA 18.993, amended by 1980 PA 351.

tiffs were properly allowed to continue their suit against the defendant "dramshop" after settling with the allegedly intoxicated defendant. The fact that the allegedly intoxicated defendant continued as a nominal party and was not formally dismissed from the suit until the close of the proofs in this case is insufficient to satisfy the "name and retain" provision of the statute. We hold that a defendant has not been "retained in the action", within the meaning of the statute, if a settlement of any kind is reached between the plaintiff and the allegedly intoxicated defendant before "the litigation is concluded by trial or settlement". Accordingly, the trial court erred in denying the dramshop defendants' motion to dismiss, and the decision of the Court of Appeals must be reversed.

The plaintiffs' decedent, Stanley M. Putney, was killed when the motorcycle he was driving was struck from the rear by an automobile. The plaintiffs subsequently filed a suit alleging negligence against Paul S. Gibson, who drove the automobile, and Judith M. Gibson, who owned it. The plaintiffs also alleged that the defendant owners of the taverns, the Melody Bar and the Hoover Corner Bar, had sold or furnished alcoholic beverages to defendant Paul S. Gibson while he was visibly intoxicated, in violation of the dramshop act.

On the morning of the first day of trial, the plaintiffs settled with defendant Charles Good, the owner of the Hoover Corner Bar, for $8,000 in return for a covenant not to sue. The jury was then impaneled. On the morning of the second day of trial, counsel for the plaintiffs informed the court that plaintiffs' suit against defendants Paul S. Gibson and Judith M. Gibson had been settled for $40,000 in exchange for a covenant not to sue. However, the Gibsons were not formally dismissed

as defendants at that time, nor was the jury informed of the settlement. The trial judge instructed the Gibsons' attorney to "do what you consider appropriate without attempting to hurt or help either side". Although he examined several witnesses, he did not participate in the examination of Paul Gibson nor did he call any witnesses on behalf of his clients.

At the conclusion of the proofs, but prior to the trial court's instructions to the jury, counsel for the Gibsons requested that the trial judge inform the jury that the Gibsons were no longer interested parties in this suit. Counsel for plaintiffs concurred in this request. Counsel for the Haskins requested that the trial judge require the continued trial participation of the Gibsons through closing arguments and jury deliberation in spite of the settlement between plaintiffs and defendants Gibson. The trial judge found as fact that there had been no collusion between the plaintiffs and the Gibsons, and that the $40,000 settlement was not a mere token settlement. The trial judge concluded that to require continued participation by the Gibsons would amount to an injustice and would discourage future settlements in similar cases and ruled that the jury should be informed that the Gibsons were no longer parties to the suit. At that point, counsel for the remaining defendants, the Haskins, moved to dismiss the plaintiffs' suit against his clients. The motion to dismiss was denied.

The trial court informed the jury that the suit against the defendants Gibson had been dismissed. After final argument, the jury was instructed and, following deliberation, returned a verdict in favor of the plaintiffs totaling $25,050. The defendants' post-trial motion for a new trial, based on the

failure to "retain" defendant Paul S. Gibson as a defendant, was denied. On appeal, the Court of Appeals affirmed. *Putney v Gibson,* 94 Mich App 466; 289 NW2d 837 (1979). We granted leave to appeal. 408 Mich 897 (1980). We reverse.

The relevant portion of MCL 436.22; MSA 18.993, provided[2] that:

"No action against a retailer or wholesaler or anyone covered by this act or his surety, shall be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

In *Salas v Clements,* 399 Mich 103, 108-109; 247 NW2d 889 (1976), this Court agreed with the Court of Appeals as to the purpose of the provision:

" 'The provision will eliminate the common practice whereby the intoxicated person enters into a settlement with the injured plaintiff for a token sum, and thereafter energetically assists the plaintiff with the prosecution of a suit against the tavern owner. The provisions will also discourage possible collusion and perjury by those too weak to resist the obvious temptation inherent in the original dramshop act, which has now been recognized by the Legislature and corrected through this amendment.' "

The plaintiffs-appellees argue that since the trial judge found that the $40,000 settlement was no "mere token" amount, and that no fraud or collusion in fact existed, this Court should find "sub-

[2] After the 1980 amendment, the name and retain provision reads as follows: "An action against a retailer, wholesaler, or anyone covered by this act or a surety, shall not be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

stantial compliance" with the "name and retain" provision of the statute. We disagree. In the first place, in the absence of a record adequately supporting such factual findings, we cannot presume that the $40,000 settlement precludes all possible collusion. It is not at all obvious that a $40,000 settlement in a wrongful death case arising from the defendant's alleged drunken driving is more than "token".[3] However, such difficult factual questions were avoided when the Legislature adopted a per se rule requiring the defendant to be "retained in the action until the litigation is concluded by trial or settlement". The Legislature could have required the allegedly intoxicated defendant to be retained "unless the trial judge finds the absence of fraud and collusion and approves the settlement". For some reason, perhaps because it recognized the difficulties inherent in that sort of inquiry and the resulting drain on judicial resources, the Legislature chose not to write such an exception into the statute. We similarly decline to create such an exception by judicially amending the statute.

The plaintiffs also argue that since defendant Paul Gibson was not formally dismissed as a party defendant until the close of the proofs, he was "retained" long enough to satisfy the "name and retain" provision of the statute. We must disagree. Plainly the litigation was not "concluded" at that point. The trial judge felt it would be "unnecessary" to retain the defendant any further. That observation was eminently correct in a practical sense. Once defendant Paul Gibson settled with the plaintiffs, he ceased to be a real party in interest and should have been dismissed. It was

[3] The plaintiffs' complaint asked for $500,000 in damages; the $40,000 settlement may well have been paid entirely or in part by defendants' insurer.

"unnecessary" to retain him from the moment of settlement and to have done so was meaningless, since the litigation no longer affected his rights and liabilities. See GCR 1963, 207.[4]

For purposes of the "name and retain" provision, however, it is clear that Mr. Gibson should have been retained *as an interested party* defendant until the litigation was concluded. One of the ways the "name and retain" provision prevents fraud and collusion is by ensuring that the defendant will have a direct financial stake in personally testifying, examining witnesses, and arguing that he did not act in a negligent manner. Once the defendant's liability is fixed and limited, he has no incentive to produce witnesses or testimony tending to prove that he was not "visibly intoxicated" on the date in question. The dramshop defendant may have much more difficulty in identifying, locating, and obtaining favorable testimony from the defendant's friends or acquaintances who observed him at relevant times. Retaining the allegedly intoxicated person as a nominal defendant, with instructions not to "hurt or help either side" is insufficient to satisfy the name and retain provision.

The Court of Appeals noted in this case, as it did in several prior cases,[5] that requiring the allegedly intoxicated person to be retained as a real party in interest might "impede the prompt disposition of litigation and force trials of cases that might otherwise be settled". *Buxton v Alexander,* 69 Mich App 507, 511; 245 NW2d 111 (1976), *lv den* 399 Mich 827 (1977), quoted in *Putney, supra,* 94

---

[4] "Parties may be added or dropped by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

[5] See, for example, *Buxton v Alexander,* 69 Mich App 507; 245 NW2d 111 (1976), *lv den* 399 Mich 827 (1977).

Mich App 477. We recognize that in the practical realities of civil litigation, the vast majority of cases must be and are in fact settled. Wise judicial policy favors settlement between the parties. *Watts v Dep't of State,* 394 Mich 350; 231 NW2d 43 (1975); *Ogden v George F Alger Co,* 353 Mich 402; 91 NW2d 288 (1958); see also MRE 408.

However, settlement between the plaintiffs and the allegedly intoxicated driver in any form would *not* terminate the litigation and avoid a trial under the Court of Appeals opinion in this case. While the trial sought by the plaintiffs might be shortened somewhat by the deletion, but in this case not the departure, of the intoxicated defendant, that saving is not likely to be of great significance. The position urged by defendant appellants and adopted today is the one that avoids a trial when the plaintiff settles with the allegedly intoxicated defendant. As a practical matter, we think the probable result of today's decision will be no noticeable increase or decrease in the number of "dramshop" cases disposed of by settlement. The plaintiffs will simply obtain the best offer from both defendants before entering into a joint settlement.

Finally, even if we knew with certainty that enforcing the "name and retain" provision would decrease settlements and increase the number of jury trials, we would not be justified in ignoring the statute for that reason. The Legislature has concluded that "dramshop" cases offer a particular danger of fraud and collusion and has enacted the "name and retain" provision as a remedy. If that remedy is unwise and increases the judicial workload, then so be it. The legislative mandate must be enforced. Dramshop plaintiffs are always free to settle with an allegedly intoxicated tortfeasor prior

to conclusion of the litigation by trial or by settlement with a tavern owner, but the action against the tavern owner must also be dismissed at the time such a settlement is made.

We reject the plaintiffs' contention that this construction of the statute produces an "unreasonable, unjust result" similar to that found in *Salas, supra,* 399 Mich 109. In *Salas,* the plaintiffs' failure to "name and retain" the allegedly intoxicated person was due to their lack of knowledge of their assailant's identity, a circumstance entirely beyond their control. Here, the decision not to retain Mr. Gibson in the litigation by settling that portion of the lawsuit was entirely within the plaintiffs' control. If dismissal of a plaintiff's action against a tavern owner is *always* "unreasonable and unjust", then the "name and retain" provision will never be enforced. Refusing to enforce the statute because the sanction of dismissal is always "unreasonable and unjust" would be tantamount to a judicial repeal of the "name and retain" provision. We are obligated to enforce the statute as written.

Having concluded that the Haskins should have been dismissed as defendants at the time defendant Paul Gibson settled with the plaintiffs, we need not address the deduction or "setoff" issue briefed by the parties.

The decision of the Court of Appeals is reversed.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred with RYAN, J.