## ZOLL v BRINKERHOFF

Docket No. 99649. Submitted March 10, 1988, at Lansing. Decided July 19, 1988.

Barbara J. Hephner was killed when a car in which she was a passenger that was driven by Phyllis C. Wineinger hit a farm tractor driven by Philip N. Brinkerhoff. Apparently, all three people had been customers in the Denim and Diamond Saloon just prior to the accident. Barbara A. Zoll, personal representative of the estate of Barbara J. Hephner, deceased, then brought a wrongful death action in the Hillsdale Circuit Court against Brinkerhoff. Brinkerhoff then filed a third-party complaint against Wineinger, an alleged intoxicated person at the time of the accident, and Eleanor Chestney Rising, individually and doing business as the Denim and Diamond Saloon. Zoll then amended her complaint to add those parties as principal defendants. Zoll then agreed to dismiss with prejudice all of her claims in return for a payment from Brinkerhoff. A settlement between Brinkerhoff and Wineinger for $10,000 in contribution was reached. Both settlements were placed on the record. Brinkerhoff's third-party claim seeking contribution against the Denim and Diamond and its owner was disposed of when the trial court, Harvey W. Moes, J., granted summary disposition based on a violation of the name and retain requirement of the dramshop act. Brinkerhoff's motion for leave to amend his complaint was thereafter denied based on the futility of such an amendment. Brinkerhoff appealed.

The Court of Appeals *held:*

The saloon can only have liability if it is imposed under the dramshop act. Under the act, it cannot become a tortfeasor if the alleged intoxicated person is not retained in the action. Since Wineinger was not retained, the tavern has no liability

REFERENCES

Am Jur 2d, Contribution §§ 40 *et seq.*

Am Jur 2d, Intoxicating Liquors §§ 561 *et seq.*

Intoxicating liquors: right of one liable under Civil Damage Act to contribution or indemnity from intoxicated person, or vice versa. 31 ALR3d 438.

and cannot be sued for contribution as a joint tortfeasor. Denial of leave to amend the third-party complaint was proper.

Affirmed.

1. CONTRIBUTION — TORTS.

The contribution statute affords a defendant a procedure to gain contribution from a fellow tortfeasor; it does not establish liability in the first instance (MCL 600.2925a; MSA 27A.2925[1]).

2. INTOXICATING LIQUORS — DRAMSHOP ACT — NAME AND RETAIN PROVISION.

The dramshop act provides that an action against a retailer, wholesaler, or anyone covered by the act or a surety, shall not be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement (MCL 436.22; MSA 18.993).

*DesChenes & Lucas, P.C.* (by *Frederick Lucas*), for Philip N. Brinkerhoff.

*Kallas, Lower, Henk & Treado* (by *Douglas D. Moseley* and *Nancy A. Plasterer*), for Eleanor Chestney Rising.

Before: WEAVER, P.J., and SHEPHERD and F. D. BROUILLETTE,* JJ.

SHEPHERD, J. Defendant and third-party plaintiff Philip Brinkerhoff appeals as of right from a March 17, 1987, order of the Hillsdale Circuit Court granting summary disposition for third-party defendant Eleanor Rising, doing business as Denim and Diamond Saloon.

The case arises out of an automobile and farm tractor accident which occurred after midnight on June 3, 1983, and resulted in the death of plaintiff's decedent, Barbara Hephner. Brinkerhoff drove his tractor west down M-34 from Hudson, Michigan. About one-half mile past the intersec-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion with US 127, a car driven by defendant Phyllis Wineinger struck the back of the tractor. Wineinger was injured and her passenger, plaintiff's decedent, Hephner, was killed. Apparently, all three people involved in the accident had been customers in the Denim and Diamond Saloon just prior to the accident.

The original suit was brought by plaintiff, Barbara A. Zoll, personal representative of the estate of Hephner, solely against Brinkerhoff, the driver of the tractor. The complaint alleged that decedent's wrongful death was caused by Brinkerhoff's failure to properly equip the tractor with warning devices and his negligent, drunken driving while he was not properly licensed. Brinkerhoff then filed a third-party complaint against both Wineinger and Denim and Diamond. The complaint alleged that Wineinger operated her car while under the influence of liquor and that the tavern had served Wineinger alcohol while she was intoxicated, contrary to MCL 436.22; MSA 18.993. Plaintiff then amended her complaint to add Wineinger and the tavern as principal defendants.

At a hearing held February 26, 1987, a settlement was placed on the record in which plaintiff agreed to dismiss with prejudice all claims against Brinkerhoff, Wineinger and the tavern. A settlement between Brinkerhoff and Wineinger for $10,000 in contribution was also placed on the record. This left only Brinkerhoff's third-party claim against the Denim and Diamond Saloon surviving. This was in the nature of a contribution claim in which the alleged intoxicated person, Wineinger, was not named *and* retained, i.e., after agreeing to pay $10,000 as a contribution, she was dismissed from the contribution case.

The court subsequently entertained the tavern's motion for summary disposition based on a viola-

tion of the "name and retain" requirement in the dramshop act, MCL 436.22; MSA 18.993, and Brinkerhoff's motion for leave to amend his third-party complaint to seek contribution. The trial court granted summary disposition and denied Brinkerhoff leave to amend based on the futility of such an amendment. Brinkerhoff appeals.

The basis for Brinkerhoff's contribution claim is the contribution statute, which provides in relevant part:

> (1) Except as otherwise provided in this act, when 2 or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. [MCL 600.2925a; MSA 27A.2925(1).]

The statute further provides:

> (3) A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor if any of the following circumstances exist:
>
> (a) The liability of the contributee for the injury or wrongful death is not extinguished by the settlement.
>
> (b) A reasonable effort was not made to notify the contributee of the pendency of the settlement negotiations.
>
> (c) The contributee was not given a reasonable opportunity to participate in the settlement negotiations.
>
> (d) The settlement was not made in good faith.
>
> (4) In an action to recover contribution commenced by a tort-feasor who has entered into a settlement, the defendant may assert the defenses set forth in subsection (3) and any other defense he may have to his alleged liability for such injury or wrongful death.

The flaw in Brinkerhoff's argument is that the contribution statute does not establish liability. In other words, defendant tavern does not become a tortfeasor, against whom a contribution claim can be brought, unless it is liable on the underlying dramshop act theory. The *sine qua non* of the contribution statute is that the defendant from whom contribution is sought is a tortfeasor. The contribution act affords a defendant a procedure to gain contribution from a fellow tortfeasor. It does not establish liability in the first instance.

At the time of this suit, the dramshop act, in relevant part, read:

> An action against a retailer, wholesaler, or anyone covered by this act or a surety, shall not be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement. [MCL 436.22; MSA 18.993.]

Defendant tavern was not found to be a tortfeasor under this statute. However, a settlement was reached which would allow Brinkerhoff, a tortfeasor, to bring an action against another alleged tortfeasor (the tavern) even though a judgment was not entered against any of the tortfeasors. The defendant in such an action has available to it all defenses to its alleged liability. Here, the tavern can only have liability if it is imposed under the dramshop act and under that act it cannot become a tortfeasor if the alleged intoxicated person is not retained in the action. Since Wineinger was not retained, the tavern has no liability.

The purpose behind the name and retain provision is to make certain at each stage of the litigation that the alleged intoxicated person has a

financial stake in the outcome. See *Putney v Haskins,* 414 Mich 181; 324 NW2d 729 (1982), reh den 414 Mich 1111 (1982). The name and retain provision and its purpose, to avoid collusion to the detriment of the tavern's exposure, has been strictly construed. See, e.g., *Riley v Richards,* 428 Mich 198; 404 NW2d 618 (1987). Our holding in this case is consistent with that purpose. Thus, the tavern cannot now be sued for contribution as a joint tortfeasor. We therefore affirm the lower court's summary disposition and the denial of Brinkerhoff's motion for leave to amend his third-party complaint to seek contribution.

Affirmed.