Frank SWAN, et al.

v.

SOHIO OIL COMPANY, d/b/a
B.P. Oil Company, et al.

Supreme Judicial Court of Maine.

Argued Nov. 6, 1992.
Decided Dec. 22, 1992.

Arthur J. Greif (orally), Isaacson & Raymond, Lewiston, for plaintiffs.

James M. Bowie (orally), Thompson & Bowie, Elizabeth Oliver, Preti, Flaherty, Beliveau & Pachios, Portland, Stephen P. Beale, Skelton, Taintor & Abbott, Auburn, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Plaintiffs Frank, Linda, and Scott Swan appeal from an order of the Superior Court (Androscoggin County, *Alexander, J.*) dismissing their complaint against defendants Sohio Oil Company and Adam Jordan. The Superior Court ruled that the release of the intoxicated individual (Jordan) mandated the dismissal of an action against the ser-

ver of alcohol (Sohio) under the Maine Liquor Liability Act (MLLA), 28–A M.R.S.A. §§ 2501–2519 (1988). We agree that Jordan was not "retained in the action" as required by the plain language of 28–A M.R.S.A. § 2512(1) and affirm the judgment.

On January 20, 1989, Chad Swan was seriously injured [1] when the car in which he was a passenger crashed into a utility pole. Adam Jordan, a minor, was allegedly driving the car under the influence of beer he had purchased from a convenience store operated by Sohio. On March 16, 1990, plaintiffs, the parents and brother of Chad Swan, released and indemnified Jordan from all claims in connection with the accident. Plaintiffs then brought this action under the MLLA in the Superior Court, naming Sohio as a defendant and Jordan as a nominal defendant. Both Sohio and Jordan filed a motion for dismissal, and plaintiffs filed a motion for compulsory joinder of Jordan as either a defendant or a third-party defendant in the event Jordan was dismissed. Jordan's motion to dismiss was granted on the ground that the releases barred suit against him. Sohio's motion to dismiss was granted on the ground that the MLLA is the exclusive remedy against a liquor retailer [2] and that the named and retained provision of the Act made Jordan an indispensible party to subsequent litigation against Sohio. The Superior Court found that the named and retained provision bars suit against servers after a plaintiff settles with the intoxicated individual. The court denied plaintiffs' motion for a compulsory joinder and ordered the entry of final judgment for defendants. This appeal followed.

Plaintiffs argue that the court misconstrued section 2512(1), that the statute violates both the state and federal Equal Protection Clauses, that Chad Swan retained a common law right of action against Sohio

as a liquor retailer that survived his death, and that the exclusive remedy provision of the MLLA violates both the state and federal Due Process and Equal Protection Clauses.

■ This is the first time we have been asked to interpret section 2512(1) of the MLLA.

> The 'fundamental rule' in statutory construction is that the legislative intent as divined from the statutory language controls the interpretation of the statute. Unless the statute reveals a contrary intent, the words 'must be given their plain, common and ordinary meaning.' We will not look beyond clear and unambiguous statutory language. To determine legislative intent when there is an ambiguity in the statute, the court may look beyond the words themselves to the history of the statute, the policy behind it, and contemporary related legislation.

*State v. Edward C.,* 531 A.2d 672, 673 (Me.1987) (citations omitted). The provision in question provides:

> No action against a server may be maintained unless the minor, the intoxicated individual or the estate of the minor or intoxicated individual is named as a defendant in the action and is retained in the action until the litigation is concluded by trial or settlement.

28–A M.R.S.A. § 2512(1).

Relying solely on the plain language of the statute, we hold that an intoxicated individual or minor is not "retained in the action" within the meaning of section 2512(1) unless the person is retained as a real party in interest with a financial stake in the litigation until its conclusion. Therefore, pursuant to section 2512(1), a plaintiff's settlement with an allegedly intoxicated individual or a minor before the litigation is concluded bars suit against servers. Because plaintiffs settled with Jordan, the suit against Sohio is barred. The limits of

---

**1.** Chad Swan died on February 24, 1990 after life-sustaining medical procedures were discontinued. *See In re Swan,* 569 A.2d 1202 (Me. 1990).

**2.** 28–A M.R.S.A. § 2511 (1988) provides as follows:

This Act is the exclusive remedy against servers who may be made defendants under section 2505, for claims by those suffering damages based on the servers' service of liquor.

the statute cannot be stretched to accommodate the nominal joining of a released party. Section 2512(1) would be meaningless if it could be easily avoided by suing the released party as a "nominal" defendant. We decline to amend the statute by judicial fiat.

■ In this case, plaintiffs gave a general release to Jordan. They reached an accord and satisfaction of all claims against Jordan arising out of the accident, with the result that "all litigation between the parties arising out of the same cause of action is terminated whether suit is pending at the time the release is given, or is subsequently asserted." *Butters v. Kane*, 347 A.2d 602, 604 (Me.1975) (citations omitted). Because Jordan settled with plaintiffs, he was properly dismissed and is not "retained in the action." The statute therefore requires dismissal of the action with regard to both defendants.

■ Plaintiffs argue that the named and retained provision is ambiguous and urge us to look to the purposes of the MLLA and its legislative history to determine legislative intent. Although it is not necessary for us to look beyond the plain statutory language, consideration of both the purposes of the statute and its legislative history leads to the conclusion that section 2512(1) bars action against servers after settlement with the intoxicated individual or minor.

■ The purposes of the MLLA include prevention of intoxication-related injuries, compensation for damages resulting from intoxication-related incidents, fair allocation of liability for such damages, and encouragement of responsible serving practices. *See* 28–A M.R.S.A. § 2502. Plaintiffs argue that the Superior Court's application of section 2512(1) to bar this suit contravenes these purposes. Any frustration of the purposes of the MLLA in this instance, however, was created by plaintiffs. The decision to settle with Jordan that resulted in his dismissal was completely within their control. Further, to allow an action against a server by permitting the retention of a nominal party would undercut the legislative purpose of fair allocation. Such

a nominal defendant has no stake in the matter and no incentive to actively litigate, produce witnesses, or generate testimony. *See Putney v. Haskins*, 414 Mich. 181, 324 N.W.2d 729, 731 (1982) (Michigan's "name and retain" provision, on which Maine's provision is based, requires that the defendant be retained as an "interested party" with a "financial stake" in the litigation). Moreover, a plaintiff under such circumstances has every incentive to minimize the separate fault of the intoxicated individual or minor.

The relevant legislative history consists of a committee report that contains the following statement: "[T]he Committee realized that [the named and retained] provision discourages, prohibits in some cases, settlement." Report of a Study by the Joint Standing Committee on Legal Affairs, *The Dram Shop Act & Liquor Liability in Maine* 10 (1986) ("Committee Report"). Plaintiffs rely heavily on that statement to support their claim that the Legislature sanctioned some settlements. The cited language, however, more easily supports a legislative intent to sanction only settlements involving both the server and the minor or intoxicated individual, while prohibiting indirectly all settlements between the plaintiff and the minor or intoxicated individual when the plaintiff intends to pursue a separate claim against the server. This interpretation allows all legislative purposes to be realized if a plaintiff does not settle with the minor or the intoxicated individual.

It is also notable that The Dram Shop Act, 17 M.R.S.A. § 2002 (1983) that was replaced by the MLLA, did not contain a named and retained provision. The Committee Report states that the Committee included the provision because "the intoxicated individual who directly caused the injuries should be made to bear his share of the damages." Committee Report at 9. The Committee also declared that it wanted to keep all responsible persons in the suit and prevent situations where the intoxicated person settles with the injured party. *Id.* at 9–10. Although the Committee's primary concern was collusion between the

server and the intoxicated individual, the potential for collusion between other parties exists.[3] The Legislature's concerns regarding the potential for collusion in this type of case support our conclusion that the Legislature intended that the intoxicated person or minor remain in the litigation as a real party in interest—not merely a nominal defendant—and that settlement with an intoxicated individual or minor bars subsequent action against servers.

The Committee Report states that section 2512(1) is "modeled on the Michigan law." *Id.* at 9. In construing its statute the Michigan Supreme Court has held that "a defendant has not been 'retained in the action,' within the meaning of the statute, if a settlement of any kind is reached between the plaintiff and the allegedly intoxicated defendant before 'the litigation is concluded by trial or settlement.'" *Putney v. Haskins,* 324 N.W.2d at 729; *see also Riley v. Richards,* 428 Mich. 198, 404 N.W.2d 618 (1987) (settlement imposing damage cap while allowing the intoxicated person to vigorously defend violates the named and retained provision).

■ Contrary to plaintiffs' contention, Michigan's interpretation of the named and retained provision does not conflict with the legislative history of Maine's statute, nor is this case controlled by *Phelps v. President and Trustees of Colby College,* 595 A.2d 403, 405 (Me.1991) (finding no basis for assuming that the Maine Legislature was familiar with interpretive rulings of another state simply because the Maine legislation is patterned on that state's law). Whereas the court in *Phelps* noted that "[t]here is nothing in the legislative history that suggests that the Legislature was ever apprised of the fact that the Act was modeled on a similar law in Massachusetts," *id.* at 406, in this case we know that the Legislature was aware that the named and retained provision was modeled on Michigan's law. Further, we have held

that "construction of another state's ... statute, which served as the verbatim model for our Maine statute, is powerful precedent ..." *State v. Caouette,* 462 A.2d 1171, 1175 (Me.1983) (construing accomplice liability statute). *See also Wing v. Morse,* 300 A.2d 491, 498 (Me.1973) (statute adopted from another country is presumed to have been adopted with that country's construction). Although Michigan's statute[4] is not identical to Maine's, the named and retained language is substantially the same—there was no attempt by Maine's Legislature to narrow or broaden its language. Michigan's interpretation of its named and retained provision is therefore persuasive precedent for the proposition that release of the intoxicated person or minor bars subsequent action against servers.

Plaintiffs contend that Michigan's interpretation is inapposite because the MLLA imposes only several liability while Michigan's statute provides for joint and several liability. 18 Mich.Comp.Laws Ann. § 436.-22(7) (West Supp.1992). This difference, while notable, does not extinguish the persuasive force of the Michigan precedent if one looks beyond the statutory language. The Michigan Supreme Court did not rely on the joint liability of the parties as its rationale in *Putney v. Haskins,* 324 N.W.2d at 729. While the language of section 2512(1) is clear, its purposes and the legislative history also support our conclusion that any release of the intoxicated person or minor bars subsequent action against servers.

■ Plaintiffs next urge us to declare that section 2512(1) is a procedural rule specifying necessary parties, not a substantive rule barring settlements. Plaintiffs contend that in an action against a server, the language of section 2512(1) must be read in conjunction with 14 M.R.S.A. § 163 (1980), which provides that the release of

---

**3.** We do not suggest that there is any collusion between plaintiffs and Jordan.

**4.** Michigan's statute reads as follows:
An action under this section against a retail licensee shall not be commenced unless the

minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement.
Mich.Comp.Laws Ann. § 436.22(6) (West Supp. 1992).

one tortfeasor "shall not be a bar to a subsequent action against the other person ... causing the injury." Plaintiffs reason that because section 163 does not exclude one who has settled with a minor or an intoxicated individual, section 2512(1) should be treated as a procedural rule requiring the minor or the intoxicated individual be present in court as either a defendant, a third-party defendant, or a compulsorily joined defendant.

Plaintiffs' construction, in addition to ignoring the releases, is inconsistent with the language of section 2512(1). Furthermore, "general statutory provisions usually yield to specific ones." *Beaulieu v. City of Lewiston*, 440 A.2d 334, 345 (Me.1982). "[T]o the extent that ... two enactments cover the same subject-matter, those facets of either statute which treat the common subject-matter in the more direct, special and minute manner will usually be held to prevail." *Opinion of the Justices*, 311 A.2d 103, 108 (Me.1973). Because section 2512(1) treats the issue of the effect of releases on litigation involving a server of alcohol in a more direct and special manner, its language controls. Although section 2512(1) has procedural aspects, it is more accurately characterized as a statute that provides for a substantive right to sue the server conditioned on retaining the intoxicated individual or the minor in the litigation.

■ Plaintiffs next claim that the Superior Court's application of section 2512(1) violates their right to equal protection under the state and federal Constitutions [5] by providing servers of alcohol with a special procedural defense that exempts them from 14 M.R.S.A. § 163 and confers "instant immunity" when joint tortfeasors settle. Plaintiffs further argue that because section 2512 is a procedural rule, the proper standard of review is "intermediate scrutiny." Section 2512(1), however, is not

merely a procedural rule—it provides a substantive right to sue servers of alcohol. Also, it "does not impinge on fundamental rights or draw distinctions on a suspect basis" so the rational relationship test applies. *Peters v. Saft*, 597 A.2d 50, 52 (Me. 1991). The test is whether "there is a rational basis for the classification which furthers a legitimate governmental aim." *Id.*

> The party challenging the classification bears the burden of demonstrating by clear and irrefutable evidence its arbitrariness and irrationally discriminatory nature. Further, the law will be upheld if there exists any *conceivable* state of facts which justify the distinction.... The law survives constitutional scrutiny unless there exists no conceivable set of facts which prevents the characterization [of the classification] ... as arbitrary, invidious or irrational.

*Id.* (quoting *Beaulieu v. City of Lewiston*, 440 A.2d 334, 338 (Me.1982)) (citations and footnote omitted) (emphasis in original). Plaintiffs have not met their burden.

In *Peters v. Saft* we found "no constitutional violation" in the provisions of section 2512 because "[t]he legislative purpose [of allocating liability fairly to encourage the availability of insurance] is rationally related to the public welfare, and the means employed in § 2512 bear a rational relationship to the achievement of that purpose." *Id.* at 54. Although in *Peters* we were asked only to rule on the constitutionality of section 2512(2), the analysis is equally applicable in this case with the same result.

■ Plaintiffs next assert that Chad Swan, as a consumer of alcohol, retained a common law right of action against Sohio that survived his death.[6] Plaintiffs rely on *Klingerman v. Sol Corp. of Maine*, 505 A.2d 474 (Me.1986), which dealt with the Dram Shop Act, 17 M.R.S.A. § 2002 (Supp. 1985–86) and the common law liability of

---

5. Equal protection guarantees found in the 14th Amendment to the U.S. Constitution and Me. Const., art. 1, § 6–A are coextensive and will not be discussed separately. *Peters v. Saft*, 597 A.2d 50, 52 n. 1 (Me.1991).

6. Plaintiffs' complaint does not allege that Chad Swan consumed any of the alcohol sold to Jordan by Sohio, but plaintiffs previously expressed a desire to amend their complaint if we find that a common law cause of action exists. This discussion assumes that Chad was a consumer of alcohol.

vendors. The Dram Shop Act did not have an exclusivity provision, so we were "unwilling to conclude that the statute is an exclusive remedy in the absence of express language to that effect." *Klingerman,* 505 A.2d at 477. The MLLA has an exclusivity provision, however, and now provides the exclusive remedy against servers of alcohol for claims by persons suffering damages based on the serving of alcohol. *See* 28–A M.R.S.A. § 2511. Any common law cause of action has been extinguished.

■ Plaintiffs finally challenge the constitutionality of the exclusive remedy provision of the MLLA, 28–A MR.S.A. § 2511. In *Peters v. Saft,* 597 A.2d at 54, we rejected a similar due process and equal protection challenge to that provision. We noted that "[t]he exclusivity provision is rationally related to the stated goal of making the liability of the server predictable" and held that "[s]ection 2511 thus satisfies substantive due process and equal protection." *Id.* Plaintiffs' arguments that factual distinctions compel a different result and that the Legislature's replacement of an established cause of action with a "meager and encumbered" one is unconstitutional have no merit.

The entry is:

Judgments affirmed.

All concurring.