**Dale H. DOUGLASS, et al.,**

v.

**KENYON OIL COMPANY, INC. d/b/a Auburn Xtra Mart, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 6, 1992.

Decided Dec. 22, 1992.

Arlyn H. Weeks (orally) and J. Michael Conley, Conley, Haley, O'Neil & Kaplan, Bath, for plaintiffs.

Gerald Petruccelli (orally), Petruccelli & Martin, Portland, for Todd Smith.

David C. Norman and Christopher C. Tainror, Norman, Hanson & Detroy, Portland, for Kenyon Oil.

Paul Douglass, Platz & Thompson, Lewiston, for James D. Piper.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

This matter comes before us both on report of an interlocutory ruling by the Superior Court (Sagadahoc County, *Bradford, J.*) denying motions for a summary judgment presented by defendants Kenyon Oil Company, Inc. and Todd Smith, and on

appeal by Smith. Plaintiffs Dale H. Douglass, Janine Douglass, Ryan Douglass, and Dale Douglass filed a complaint against Smith and Kenyon and James D. Piper for injuries sustained by them in a motor vehicle accident caused by Piper while intoxicated. Plaintiffs settled with Piper one day after filing suit, but he remains a named defendant. Kenyon and Smith allegedly served alcohol to Piper. Because an intoxicated individual who settles with a plaintiff is not "retained in the action" as required by the named and retained provision of the Maine Liquor Liability Act (MLLA), 28-A M.R.S.A. § 2512(1) (1988)[1], we remand to the Superior Court to enter summary judgment in favor of Smith and Kenyon.

The facts as alleged may be summarized as follows: At approximately 10:20 p.m. on August 18, 1990, plaintiffs were injured when a car driven by Piper collided with their vehicle. Piper was twenty-years-old and operating under the influence of intoxicating liquor at the time of the accident. At about 2:00 p.m. that day, Piper arrived at Smith's house for a bachelor party. In addition to food and non-alcoholic beverages, a keg of beer paid for by contributions of guests was available. Piper was driven home by a friend at about 7:00 p.m. During the five-hour period Piper consumed approximately five or six cups of beer. Piper claims not to have drunk any more alcohol until 9:00 p.m. when he purchased beer from a convenience store operated by Kenyon. He then played a drinking game at another friend's house, and consumed three of the beers.

One day after filing the complaint, plaintiffs released Piper from all claims, but continued to name him as a party. Smith and Kenyon both filed a motion for summary judgment on the ground that, by

reason of plaintiff's settlement with the intoxicated person, plaintiffs' suit was barred by section 2512(1) of the MLLA. After a hearing, both motions were denied. Kenyon then filed a motion for a report of the interlocutory ruling on the statutory question pursuant to M.R.Civ.P. 72(c) and the motion was granted[2] as to both defendants.

The issue before us on report is controlled by our decision in *Swan v. Sohio Oil Co.*, 618 A.2d 214. The present case differs from *Swan* in that the released person is apparently content to remain in the case as a named defendant without liability, and the settlement with that person occurred after suit was filed. Such factual differences, however, do not compel a different result. In *Swan* we held that "an intoxicated individual or minor is not 'retained in the action' within the meaning of section 2512(1) unless the person is retained as a real party in interest with a financial stake" in the outcome of the litigation. *Swan v. Sohio Oil Co.*, 618 A.2d 214. Once Piper settled with plaintiffs, he ceased to be a real party in interest and suit against the alleged servers was barred by operation of the statute.

The entry is:

Order of the Superior Court vacated. Remanded to Superior Court for entry of summary judgment in favor of Smith and Kenyon. Appeal of Todd Smith dismissed.

All concurring.

1. 28-A M.R.S.A. § 2512(1) provides:
   Named and Retained. No action against a server may be maintained unless the minor, the intoxicated individual or the estate of the minor or intoxicated individual is named as a defendant in the action and is retained in the action until the litigation is concluded by trial or settlement.
2. Smith also appealed, arguing both that the suit was barred by statute and that plaintiffs failed to provide evidence that the beer consumed by

Piper at Smith's house was the proximate cause of the accident. "[T]he denial of a motion for summary judgment is an interlocutory ruling and is not appealable." *Phillips v. Fuller*, 541 A.2d 629 (Me.1988). Because Smith's appeal does not fall within any exception to the final judgment rule, we dismiss the appeal. The Superior Court will enter summary judgment in favor of Smith based on our ruling on the issue on report.