MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2024 ME 73
Docket:        Cum-23-409
Argued:        June 5, 2024
Decided:       September 24, 2024

Panel:         STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

LAUREEN FAMA et al.

v.

BOB'S LLC et al.

CONNORS, J.

[¶1]  Defendants Bob's LLC and Robert Clarke appeal from an order entered in the Superior Court (Cumberland County, *Cashman J.*) denying their motions for summary judgment in an action brought by Laureen Fama personally and in her representative capacity as the executor of the estate of her late husband, Elliot Fama, for liquor liability, wrongful death, wrongful death conscious pain and suffering, loss of consortium, and battery.[1]  Because Ms. Fama elected to receive a workers' compensation lump sum settlement, she is precluded from suing Clarke, her late husband's co-employee, under the immunity and exclusivity provisions of Maine's Workers' Compensation Act (MWCA).  Clarke's exemption from suit renders him no longer a defendant;

---

[1]  For clarity, this opinion will distinguish between Laureen Fama and Elliot Fama by using the honorifics Ms. and Mr., respectively.

2

hence, the claims against Bob's LLC fail as a matter of law under the "named and retained" provisions of Maine's Liquor Liability Act (MLLA). We therefore vacate the order denying Defendants' motions for summary judgments and remand for the entry of a judgment in their favor.

## I. BACKGROUND

[¶2] "The following facts are drawn from the summary judgment record, are viewed in the light most favorable to . . . the nonprevailing party, and are undisputed unless otherwise noted." *Dorsey v. N. Light Health*, 2022 ME 62, ¶ 2, 288 A.3d 386.

[¶3] In October 2020, Mr. Fama was employed by Sanford Contracting, a Massachusetts business. In late October 2020, he was working on a multi-day project in Scarborough, Maine. While working in Scarborough, Mr. Fama, Clarke, and two other coworkers stayed at a nearby hotel, which Sanford paid for. On October 28, 2020, after Mr. Fama and Clarke returned to the hotel, they consumed several beers in the parking lot. Mr. Fama, Clarke, and two coworkers then proceeded to the Copper Smith Tavern[2] for dinner, paid for by Sanford, where they also consumed alcohol. After dinner, Mr. Fama and Clarke returned to the parking lot, where they engaged in an altercation that resulted

---

[2] Copper Smith Tavern is operated by Bob's LLC, a Maine company.

in Clarke striking Mr. Fama, who fell to the ground and hit his head on the pavement. Mr. Fama later died from his injuries.

[¶4]  Following Mr. Fama's death, Ms. Fama filed a workers' compensation claim in Massachusetts and eventually settled the claim for a $400,000 lump sum. The Massachusetts Department of Industrial Accidents approved the settlement agreement on December 14, 2022.

[¶5] Ms. Fama filed a complaint in Cumberland County Superior Court in July 2022, followed by a first amended complaint (FAC) the next month. The operative FAC names Bob's LLC and Clarke as defendants and sets forth the following claims: (1) liquor liability under the MLLA, 28-A M.R.S. § 2501 (2024), against Bob's LLC; (2) wrongful death under 18-C M.R.S. § 2-807 (2023)[3] via the MLLA against Bob's LLC; (3) wrongful death, conscious pain and suffering under 18-C M.R.S. § 2-807(3) via the MLLA against Bob's LLC; (4) loss of consortium under 14 M.R.S. § 302 (2024) via the MLLA against Bob's LLC; and (5) battery against Clarke.

[¶6] Clarke and Bob's LLC filed their respective answers with affirmative defenses, followed by motions for summary judgment. After these motions were denied followed by a denial of a joint motion to alter or amend the order

---

[3]  18-C M.R.S. § 2-807 (2023) has since been amended, but not in a way that affects the current case. *See* P.L. 2023, ch. 390, § 3 (effective Oct. 25, 2023)(codified at 18-C M.R.S. § 2-807 (2024)).

4

denying summary judgment, Clarke and Bob's LLC filed notices of appeal and, because a final judgment had not yet been entered, a joint motion asking us to accept the appeal. *See* M.R. App. P. 2B(a), (c)(1), (c)(2)(D); 14 M.R.S. § 1851 (2024). Ms. Fama opposed the joint motion, and we ordered the parties to address the interlocutory status of the appeals in their briefing on the merits.

## II. DISCUSSION

[¶7] Although an appeal from an order denying a motion for summary judgment is generally unreviewable,[4] Clarke and Bob's LLC argue that immediate review is appropriate because Clarke claims that he is exempt from suit under the MWCA, 39-A M.R.S. § 104 (2023).[5] Relying on Clarke's exemption under section 104, Bob's LLC argues that the liquor liability claims fail as a matter of law because under the MLLA, 28-A M.R.S. § 2512 (2024), in order to pursue claims against Bob's LLC, Clarke must, but due to the exemption, cannot, be retained as a defendant in the suit.

---

[4] A denial of a summary judgment motion is generally deemed immediately unreviewable under the final judgment rule, while the denial of such a motion is also not reviewable once final judgment has been entered because a motion for summary judgment is "a purely procedural device for the expeditious disposition of cases in which there exists no material issue of fact to be tried," and a final judgment renders that question moot. *Magno v. Town of Freeport*, 486 A.2d 137, 141 (Me. 1985) (quoting *Bigney v. Blanchard*, 430 A.2d 839, 841 (Me. 1981)).

[5] 39-A M.R.S. § 104 (2023) has since been amended. *See* P.L. 2023, ch. 126, § 1 (effective Oct. 25, 2023)(codified at 39-A M.R.S. § 104 (2024)). As discussed below, *see infra* ¶ 14, the Legislature's subsequent enactment of 39-A M.R.S. § 104-A (2024) informs the scope of section 104.

**A.    We entertain Clarke's interlocutory appeal because the MWCA exemption from suit is a type of immunity, and we accept Bob's LLC's interlocutory appeal on the grounds of judicial economy.**

[¶8]  Despite our general prohibition of interlocutory appeals, "the denial of a motion for a summary judgment based on a claim of immunity is immediately reviewable pursuant to the death knell exception to the final judgment rule." *Sanford v. Town of Shapleigh*, 2004 ME 73, ¶ 6, 850 A.2d 325 (quotation marks omitted).  Section 104's exemptions are not just from liability but from "civil actions."[6]  39-A M.R.S. § 104.  As such, if Clarke is entitled to an exemption, he is immune from suit and, therefore, entitled to appeal now in order to preclude further entanglement in litigation.  *Hawkes v. Com. Union Ins. Co.*, 2001 ME 8, ¶ 6, 764 A.2d 258; *Clark v. Benton, LLC*, 2018 ME 99, ¶ 7 n.2, 189 A.3d 761.

[¶9]   But just because Clarke's appeal falls within the death knell exception, it does not follow that we should entertain Bob's LLC's interlocutory appeal.  Bob's LLC cannot claim to be an intended beneficiary of a section 104 exemption.  Rather, it argues that it is entitled to judgment under the MLLA's

---

[6]  Section 104 describes the exemption as "from civil actions, either at common law or under sections 901 to 908; Title 14, sections 8101 to 8118; and Title 18-C, section 2-807, involving personal injuries sustained by an employee arising out of and in the course of employment, or for death resulting from those injuries."  Claims under 39-A M.R.S. §§ 901-908 (2024) are those pursuable under the MWCA; claims under 14 M.R.S. §§ 8101-18 (2023 & 2024) are those pursuable under the Maine Tort Claims Act; and claims under 18-C M.R.S. § 2-807(1)-(4) (2023 & 2024) are those pursuable for wrongful death.

6

"named and retained" provision, section 2512.[7]  The purpose of this provision is not to provide immunity from suit but to ensure a fair allocation of liability between a server and the intoxicated individual or his estate.  *Swan v. Sohio Oil Co.*, 618 A.2d 214, 217 (Me. 1992).   Hence, an independent reason for interlocutory review is needed to support Bob's LLC's immediate appeal.[8]

[¶10]   We conclude that under the circumstances presented here, applying the judicial economy exception to the final judgment rule is appropriate.  An appeal must meet two requirements to fall within the judicial economy exception to the final judgment rule: first, that the "review of a non-final order can establish a final, or practically final, disposition of the entire litigation, and second, that the interests of justice require that immediate review be undertaken."  *Town of Otis v. Derr*, 2001 ME 151, ¶ 3, 782 A.2d 788

---

[7] 28-A M.R.S. § 2512 (2024) provides:

**1.  Named and retained.**  No action against a server may be maintained unless the minor, the intoxicated individual or the estate of the minor or intoxicated individual is named as a defendant in the action and is retained in the action until the litigation is concluded by trial or settlement.

**2.  Several but not joint liability.**  The intoxicated individual and any server, as described in section 2505, are each severally liable and not jointly liable for that percentage of the plaintiff's damages which corresponds to each defendant's percentage of fault as determined by the court or a jury.

[8] In *Douglass v. Kenyon Oil Co., Inc.*, 618 A.2d 220, 221 (Me. 1992), pursuant to then M.R. Civ. P. 72(c) (now M.R. App. P. 24(c)), we accepted a report of an interlocutory ruling denying entry of summary judgment for two alleged servers of liquor based on the MLLA's "named and retained" provision.  One of the two alleged servers also appealed.  *Id.*  As to that server's appeal, we noted that denials of motions for summary judgment are non-appealable interlocutory rulings and that his appeal did not fall within any exception to the final judgment rule.  *Id.*

(citation omitted). A combined review of Clarke's and Bob's LLC's interlocutory appeals may dispose (and here does dispose) of the entire litigation. The entwined relationship between the defenses asserted by Clarke and Bob's LLC supports a combined review, which would serve the interests of efficiency and justice. Hence, we review the merits of both appeals.

**B.      We apply Maine law based on the parties' joint desire that we do so.**

[¶11]    Although Sanford is a Massachusetts business, Ms. Fama's workers' compensation claim was filed in Massachusetts, and the Massachusetts Department of Industrial Accidents approved the lump sum agreement, the parties assert that the outcomes are the same under Maine or Massachusetts law, and they advance their positions citing Maine law. When the parties agree on the choice of law, we may forgo an independent choice of law analysis and accept the agreement at our discretion. *See Stenzel v. Dell, Inc.*, 2005 ME 37, ¶ 8, 870 A.2d 133 (applying an agreement's choice of law provision without conducting an independent analysis); *Borden v. Paul Revere Life Ins. Co.*, 935 F.2d 370, 375 (1st Cir. 1991) ("Where, however, the parties have agreed about what law governs, a federal court sitting in diversity is free, if it chooses, to forgo independent analysis and accept the parties' agreement.").

8

Accordingly, we assume, without deciding, that Maine law governs the determination of all the issues presented in these appeals.

**C.    Clarke is immune from suit.**

[¶12]   Clarke contends that, given the undisputed facts, he is entitled to judgment under the MWCA's exclusivity and immunity provisions.  *See* 39-A M.R.S. §§ 104, 408 (2023 & 2024). We agree.  Put simply, Ms. Fama's settlement with Sanford precludes suit against Sanford, and the preclusion of suit against Sanford extends to Clarke as Sanford's employee.

[¶13]   Section 408 provides that an employee "who has secured the payment of compensation" under the MWCA "as provided in sections 401 to 407 is deemed to have waived the employee's right of action at common law and under section 104 to recover damages for the injuries sustained by the employee."  Section 104 extends the employer's exemption to co-employees. 39-A M.R.S. § 104 ("These exemptions from liability apply to all employees . . . for any personal injuries arising out of and in the course of employment, or for death resulting from those injuries.").

[¶14]   Ms. Fama argues that she should still be able to sue Clarke for battery because her worker's compensation settlement with Sanford did not definitively establish that Clarke's actions causing Mr. Fama's death arose out

of and in the course of employment. We disagree. What brings Clarke within the scope of the exemption from suit is his undisputed status as a Sanford employee at the time of Mr. Fama's injury, not whether he was acting within the scope of his employment in assaulting Mr. Fama. This is supported by the Legislature's subsequent enactment of a limited exception to the immunity contained in section 104-A, making an employee liable for "sexual harassment, sexual assault or an intentional tort related to sexual harassment or sexual assault." 39-A M.R.S. § 104-A (2024). By enacting 104-A's limited exception to section 104 the Legislature implicitly confirmed that the exemption from suit protects employees who commit other intentional torts, including assaults.[9]

[¶15] The settlement was approved by the Massachusetts Department of Industrial Accidents. Its purpose was to provide Sanford repose from suit, consistent with the purpose of the exclusivity and immunity provisions of the

---

[9] In fact, the same bill that produced section 104-A's limited exception originally proposed adding the following language to section 104: "These exemptions do not apply to an intentional act or omission." L.D. 53 (131st Legis. 2023). The bill's sponsor testified that the proposed language would allow "an employee . . . injured by the intentional act of another employee, supervisor, or the employer themselves" to "pursue legal action against the individual who harmed them." *An Act to Ensure Accountability for Workplace Harassment and Assault by Removing Intentional Acts and Omissions from Workers' Compensation Exemptions, L.D. 53 Before the J. Standing Comm. on Labor and Housing*, 131st Legis. (2023) (testimony of Rep. Adam Lee presenting). The suggested language, however, did not make it out of committee. Comm. Amend. A to L.D. 53, H.P. 28 (131st Legis. 2023). Instead, the language currently in section 104-A became law on June 4, 2023, indicating an intent to provide only the limited exception found in 104-A while maintaining the otherwise broad immunity found in section 104. *See* P.L. 2023, ch. 126, § 2 (effective Oct. 25, 2023) (codified at 39-A M.R.S. § 104-A).

MWCA. The repose obtained by Sanford then extends to Clarke in keeping with the broad language of section 104. To allow the battery claim against Clarke to continue in order to litigate whether that alleged battery occurred within the scope of Clarke's employment would defeat the purpose of extending repose to both the employee and co-employee from suit when the injured employee obtains compensation under the MWCA. *See Li v. C.N. Brown Co.*, 645 A.2d 606, 608 (Me. 1994) ("[W]e have construed broadly both the exclusivity and immunity provisions of the Act."); *Cole v. Chandler*, 2000 ME 104, ¶ 10, 752 A.2d 1189 (discussing how the MWCA's purpose is to "giv[e] effect to the underlying policy of providing certainty of remedy to the injured employee and absolute but limited and determinate liability for the employer." (quoting *Beverage v. Cumberland Farms N., Inc.*, 502 A.2d 486, 489 (Me. 1985)); *Procise v. Elec. Mut. Liab. Ins. Co.*, 494 A.2d 1375, 1383 (Me. 1985) (acknowledging the Legislature's extension of the employer's immunity to co-employees); *McKellar v. Clark Equip. Co.*, 472 A.2d 411, 415 (Me. 1984) ("The immunity of the fellow employee . . . is now co-extensive with the employer's immunity . . . ."); L.D. 999 HA B (109th Leg. 1979) (introducing a House amendment to the bill extending the employer's exemption to co-employees and stating that the language in the amendment "makes the intent of the bill clearer by providing, in effect, that

*an employee who is receiving workers' compensation for an injury cannot sue his fellow employees or the officers and directors of the employer for the same injury*."[10]  (emphasis added)).

[¶16]  By accepting a settlement, Ms. Fama elected the worker's compensation remedy, and that remedy is exclusive, both as to Sanford and Clarke.  This reading of the MWCA not only fulfills the purpose behind extending the exemption to co-employees but is supported by persuasive authority from other jurisdictions interpreting their own workers' compensation statutes.  As the Illinois Supreme Court stated:

> where an employee injured by a coemployee has collected compensation on the basis that his injuries were compensable under the Act, the injured employee cannot then allege that those injuries fall outside the Act's provisions.  We base this conclusion not only upon a fear of double recovery, but also upon our desire to prevent the proliferation of litigation.  Since this plaintiff has collected compensation pursuant to an agreement executed in lieu of a claim and approved by the Industrial Commission, giving that settlement the status of an award, he is now precluded from suing for civil damages.

*Collier v. Wagner Castings Co.*, 408 N.E.2d 198, 204 (Ill. 1980) (citations omitted).  *See also Gourley v. Crossett Pub. Sch.*, 968 S.W.2d 56, 58 (Ark. 1998)

---

[10]  The language extending the exemption to co-employees was enacted in 1979 and remains largely unaltered in the current co-employee immunity provision, except for the exceptions provided in section 104-A.  *Compare* P.L. 1979, ch. 493 (effective Sept. 14, 1979) (codified at 39 M.R.S.A. § 4 (1980)), *with* 39-A M.R.S. § 104.

("The trial court was correct in ruling as a matter of law. Ms. Gourley's claim for the intentional tort of outrage is barred by the doctrine of election of remedies because she has previously pursued workers' compensation benefits to recovery for the same injuries."); *Advanced Countertop Design, Inc. v. Second Jud. Dist. Court of State ex rel. Cnty. of Washoe*, 984 P.2d 756, 759 (Nev. 1999) ("Tenney was fully and completely compensated by SIIS for his injury; consequently, his common law right of action was destroyed, merged by accord with the compensation award he accepted in its place."); *Salazar v. Torres*, 158 P.3d 449, 457 (N.M. 2007) ("In this case, Worker received a lump-sum payment representing a settlement of all future benefits aside from medical, which were left open. This award was considered a complete resolution of Worker's claim against Employer. When Worker made this election, he allowed the workers' compensation judge to make a final determination that the cause of the injury was accidental. It would be contradictory to the Act to allow worker to file a subsequent . . . claim under these circumstances."); *Schlenk v. Aerial Contractors, Inc.*, 268 N.W.2d 466, 471 (N.D. 1978) ("[W]hen an employer has secured the payment of compensation to his employees by contributing premiums to the Fund, the employee has no right of action against such contributing employer

or against any agent, servant, or other employee of such employer for damages." (emphasis and quotation marks omitted)).

[¶17]   In sum, based on the purpose of the exclusivity and immunity provisions in the MWCA, the legislative history of those provisions, and persuasive authority from other jurisdictions, we conclude that the MWCA precludes an employee who is injured by a co-employee and obtains a settlement under the MWCA from alleging that the same injuries fall outside the MWCA's provisions in a subsequent action against the employer or co-employee.[11]

---

[11] Under 39-A M.R.S. § 107 (2024), "[w]hen an injury or death for which compensation or medical benefits are payable" under the MWCA "is sustained under circumstances creating in some person other than the employer a legal liability to pay damages, the injured employee may, at the employee's option, either claim the compensation and benefits or obtain damages from or proceed at law against that other person to recover damages."   If, however, the injured employee elects to claim compensation under the MWCA, "any employer having paid the compensation or benefits . . . has a lien for the value of compensation paid on any damages subsequently recovered against the 3rd person liable for the injury," and "if the employee or the employee's beneficiary fails to pursue the remedy against the 3rd party," the employer becomes subrogated to the employee's rights and may do so itself, with any proceeds it obtains from the 3rd person paid to the employee less its proportionate share of the cost of collection.   *Id.*   Thus, there are circumstances under which an injured employee or his or her beneficiary may elect to obtain compensation under the MWCA and may additionally pursue "a 3rd person" for a remedy (subject to a set-off of the benefits received under the MWCA).   *See Overend v. Elan I Corp.*, 441 A.2d 311, 313 (Me. 1982) (The MWCA "permits, and indeed encourages, third party tort actions following a workers' compensation award or agreement").

But this statute allows for a suit against "a 3rd person," not the employer, and under section 104, a co-employee stands in the shoes of the employer except when 39-A M.R.S. § 104-A applies.   The purpose of the exemption's extension to co-employees is to extend to co-employees the same protection from suit as is bestowed upon the employer, and thus Clarke does not fall into the category of third persons pursuable for a remedy in court in addition to the compensation received by Ms. Fama from Sanford.   *Cf. Hatch v. Lido Co. of New Eng.*, 609 A.2d 1155, 1156 (Me. 1992) (treating the officers of an employer in lockstep with the employer, noting that the exemption extends to

14

## D. Bob's LLC is entitled to judgment under the "named and retained" provision of the MLLA.

[¶18] Bob's LLC argues that if Clarke is exempt from civil liability, then it is entitled to judgment as a matter of law because Clarke is no longer named and retained in the action. We agree.

[¶19] As noted above, *see supra* n.7, section 2512 of Title 28-A provides that no action under the MLLA against a server of liquor may be maintained unless the intoxicated individual or the estate of the intoxicated individual is named as a defendant in the action and retained as a party to the action throughout the litigation. We have interpreted this statutory provision to mean that a claim against a server cannot continue once the intoxicated individual is no longer a real party in interest to the suit. *Swan*, 618 A.2d at 217; *Douglass v. Kenyon Oil Co., Inc.*, 618 A.2d 220, 221 (Me. 1992).

[¶20] In *Swan*, the plaintiff was a passenger in a car that crashed into a utility pole, causing his injuries. 618 A.2d at 216. The driver of the car was a minor who was intoxicated and had purchased alcohol from a store operated by Sohio Oil Co. *Id.* The plaintiffs released and indemnified the minor from all claims concerning the accident, then filed suit against Sohio Oil Co. *Id.* On

"employees, supervisors, officers and directors" but not to third parties "other than the employer" (quotation marks omitted)).

appeal, we affirmed the Superior Court's dismissal of the defendant's complaint pursuant to the MLLA's "named and retained" provision, holding that "an intoxicated individual . . . is not 'retained in the action' within the meaning of section 2512(1) unless the person is retained as a real party in interest with a financial stake" in the outcome of the litigation. *Id.*

[¶21]  In *Douglass*, we addressed a similar situation, but the plaintiff settled with the intoxicated individual and left him as a named defendant in the suit. 618 A.2d at 221.  The case involved a young man who purchased alcohol from a convenience store operated by Kenyon Oil. *Id.*  After consuming the beverages at a friend's house, he was driving and collided with the plaintiffs' vehicle and injured them. *Id.*  After settling with the intoxicated individual right after filing suit, the plaintiffs left him named on the complaint to pursue an action against the convenience store. *Id.*  On appeal, we held that the fact that the released individual was "apparently content to remain in the case as a named defendant without liability" and the settlement with that individual occurred after suit was filed made no difference; as the decision in *Swan* explained, under the "named and retained" provision, the allegedly intoxicated individual had to retain a real financial stake in the litigation. *Id*.

16

[¶22]  The reason why a suit against a server cannot go forward against the intoxicated individual once that individual is no longer exposed to liability in the suit is clear.  As noted, *see supra* ¶ 9, the purpose of the "named and retained" provision is to ensure a fair allocation of liability between the server and the intoxicated individual.  Once the intoxicated individual is no longer involved as a real party, he "has no stake in the matter and no incentive to actively litigate," and "a plaintiff under such circumstances has every incentive to minimize the separate fault of the intoxicated individual," defeating the fair allocation purpose of the provision.  *Swan*, 618 A.2d at 217.

[¶23]  Here, Clarke is exempt from civil action and must be dismissed from this suit.  Therefore, any action against Bob's LLC as the only remaining defendant is barred under the MLLA.

### III.  CONCLUSION

[¶24]  Because Ms. Fama obtained a settlement from Mr. Fama's employer, Sanford, the MWCA's exclusivity and immunity provisions bar her from pursuing an action against Sanford for additional damages.  Because Clarke, as a co-employee of Mr. Fama, stands in the same shoes as Sanford under section 104 of the MWCA, Ms. Fama cannot sue Clarke.  Therefore, since

Ms. Fama cannot sue Clarke, under the "named and retained" provisions of the MLLA, she cannot sue Bob's LLC.

The entry is:

> Judgment vacated. Remanded to the Superior Court to grant Bob's LLC's and Robert Clarke's motions for summary judgments.

---

John R. Veilleux, Esq., and Samuel G. Johnson, Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, for appellant Bob's LLC

Allyson L. Knowles, Esq., and Matthew K. Libby, Esq., Monaghan Leahy, LLP, Portland, for cross-appellant Robert Clarke

William J. Gallitto, III, Esq., and Jana Kenney, Esq. (orally), Bergen & Parkinson, LLC, Saco, for appellee Laureen Fama

Cumberland County Superior Court docket number CV-2022-243
FOR CLERK REFERENCE ONLY